[Civ. No. 14323.   First Dist., Div. One.   Sept. 30, 1949.]

DANIEL ST. GEORGE et al., Petitioners, v. SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Kirkbride, Wilson, Harzfeld & Wallace for Petitioners.

Frank V. Kington for Respondents.

PETERS, P. J.—The petition for a writ of mandate must be denied.

The petition alleges that a civil action was tried before the court without a jury, and resulted in a judgment for the plaintiffs; that defendants, petitioners here, appealed; that a reporter's transcript was duly prepared covering all but the last day of trial; that as to that day no reporter was present; that defendants objected to the filing of the transcript without the last day's testimony; that thereafter the trial court, acting pursuant to rule 4(e) of the Rules on Appeal, ordered appellants to prepare a proposed settled statement of the proceedings of the last day of trial and specifically ordered that such statement include a ·certain plat or diagram used by a witness on such day to explain his testimony; that thereafter appellants prepared a proposed settled statement of the proceedings in question without including the plat or diagram; that plaintiffs objected to the proposed statement; that, after a hearing, the motion was denied, the order reciting "that such proposed settled statement is incomplete and insufficient and omits an exhibit, to wit, a map or plat used by defendants in the examination thereby of Ellis Anderson, a witness called by defendants, which said ·map or plat said defendants failed and refused to have placed in evidence." The petition for mandate alleges that the order of denial was based solely on the failure of the proposed statement to contain the map or plat. Petitioners' sole contention is that, since the map or plat was not introduced into evidence, it was not properly part of the record, and that, therefore, the refusal to certify the proposed statement was arbitrary and capricious.

The basic premise of petitioners that a map or plat used in conjunction with the examination of a witness, but not introduced into evidence, is not properly part of the record on appeal, is unsound. Such a map or plat is an integral part of the witness' testimony. It is as much a part of the witness' testimony as his oral statements. As stated by 3 Wigmore (Evidence, 3d ed.) § 790, at p. 175), such a document "takes an evidential place simply as a non-verbal mode of expressing a witness' testimony."

There is another principle involved. Under the new

rules a trial judge, while no longer required to certify a reporter's transcript, is required to certify to a settled statement. (Rule 7(d) of the Rules on Appeal.) The rules confer full power over such a record in the trial judge. As long as the trial judge does not act in an arbitrary fashion he has full and complete power over such a record. Thus, in *Burns v. Brown,* 27 Cal.2d 631, at page 636 [166 P.2d 1], the Supreme Court stated: "When appellant cannot or does not want to avail himself of this method of preparing the record on appeal [reporter's transcript], either because a reporter was not present at the proceedings or for other reasons, and when he fails to convince the trial judge that his statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final." (See, also, *Averill* v. *Lincoln,* 24 Cal.2d 761 [151 P.2d 119] ; and Witkin, *"Four Years of the Rules on Appeal,"* 35 Cal.L.Rev. 477.)

This does not mean the appellant cannot secure relief from arbitrary action by the trial court. It will be noted that the sole contention made by petitioners is that the court was arbitrary because the plat or map was not introduced into evidence. That contention is unsound. There is no allegation that the map or plat is lost or unavailable. It would seem clear that, if such a map or plat were lost, or if it were a blackboard diagram that was not photographed, the appellant should not be prevented from appealing simply because the map, plat or diagram is not available. In such event, if the appellant desires to appeal knowing that he must assume the risks of the testimony being unintelligible without such a document, and knowing of the presumptions against him, he should be permitted to do so. It would be an abuse of discretion to refuse to certify solely on that ground. The certification, in such case, could quite properly recite the failure of the statement to contain the document in question. But if the document is available, it should be produced if the trial judge believes it necessary.

In the present case, there being no allegation that the document has been lost or is unavailable, and there being no allegation that such fact (if it be a fact) was presented to the trial judge, the petition fails to make out a case of abuse of discretion.

The petition for a writ of mandate is denied.

Ward, J., and Bray, J., concurred.