[Civ. No. 17953. Second Dist., Div. One. Oct. 31, 1950.]

A. J. KELLER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Macbeth & Ford and Patrick H. Ford for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

WHITE, P. J.—The petitioner in this original proceeding seeks a writ of mandate to compel the respondent judge of the Superior Court of Los Angeles County to settle a statement on appeal under rule 7, Judicial Council Rules on Appeal.

Petitioner, while doing business under the name of Keller Manufacturing Company, was plaintiff in an action commenced in respondent court, numbered 545497, and was defendant in another action in the same court, numbered SFC-75. Respondents Ravenscroft and Hiers were the respective adverse parties in the foregoing actions. The two actions were consolidated for trial and trial thereof was had before respondent Judge Allen W. Ashburn. Following rendition of judgment and denial of a motion for a new trial, petitioner herein duly and regularly filed notice of appeal in each of said actions. He also duly served notice of intention to proceed under rule 7, Rules on Appeal. On or about April 21, 1950, petitioner duly served and filed his proposed statement on appeal in said consolidated actions, which statement, ac-

cording to the petition filed herein, "designated all the exhibits and depositions as part of the record on appeal and stated petitioner's view of the testimony which would be relevant to the points on appeal."

It appears that respondents Ravenscroft and Hiers, upon the filing of the proposed statement on appeal, made no objection thereto, except that they did file a proposed amendment to the proffered statement, consisting of a revised narrative recital of the proceedings had at the trial.

It is further alleged in the petition for a writ of mandate that petitioner "did not object to said proposed revision and does not now object to said revision by respondents, but has suggested certain additions thereto, as alleged in Paragraph VI, below," and to which reference will hereinafter be made.

On May 26, 1950, respondent judge made and entered an "Order Re Settlement of Statement on Appeal" reading as follows:

"The Court declines at this time to settle the statement on appeal in this action for the following reasons:

"1. The purported copy of findings and conclusions contains none of the conclusions of law made by the Court;

"2. The purported copy of findings and conclusions does not conform to the original as signed and filed herein; the purported copy contains none of the changes which were made by the Judge upon the face of the findings before same were signed and filed;

"3. The purported copy of the judgment does not conform to the original as signed and filed herein; the purported copy contains none of the changes which were made by the Judge upon the face of the judgment before same was signed and filed;

"Respondent has proposed no amendment with respect to any of the matters mentioned in paragraph 1, 2, 3, *supra*;

"4. This case (No. 545497) and case No. SFC-75 were tried together; a court reporter was present and took down all the proceedings; the trial consumed five days; approximately 50 Keller exhibits and 30 Hiers exhibits were received in evidence; the evidence was closed and cause submitted in January 12, 1950. Appellant proposes a narrative statement comprising only 5⅓ pages; respondent proposes by way of amendment the substitution of a narrative statement consisting of 14 pages. Appellant specifies 22 points of appeal, challenging in numerous instances (as the undersigned believes) the sufficiency of the evidence to support the findings. This is done

in varying forms. For example, point 1 asserts that the evidence is 'uncontradicted' to the effect that appellant was damaged in the sum of $10,385.00; point 3 says 'the trial court imported a fictitious intention . . . in construing the said contract'; point 6, that the 'uncontradicted' evidence shows certain things as to offsets; point 20 asserts that certain findings 'are not supported by the evidence in any particular'. These and numerous other points which assert the evidence to be uncontradicted are directed (as I now believe) toward findings which were based upon conflicting evidence or conflicting inferences from evidence, or both, and the proposed narrative statement omits substantial evidence material to said points.

''Appellant's attorney did not appear at the time set for settlement of the statement and respondents' attorney advised the Court that neither side has a reporter's transcript. Appellant's proposed narrative statement does not appear to be a bona fide attempt to comply with Rule 7, and neither of the proposed narrative statements contains all the evidence material to the various 'points on appeal' as I verily believe. It is also my opinion that a correct statement containing all the material evidence cannot be settled without the aid of a complete reporter's transcript. The reporter who acted at the trial is now available and could produce a reporter's transcript within a reasonable time. He advises me that it would consist of approximately 1300 folios and that the cost of the original (with no copies) would be approximately $325; that such transcript probably could be prepared in two weeks. Rule 52 provides that a partial record, when certified by the judge, 'shall be presumed' to include 'all matters material to a determination of the points on appeal'. Rule 7, construed in the light of 52, seems to contemplate a certificate which in effect says that the record does contain all such material matter. Such a certificate I cannot now make. If I were to certify that the narrative statement is partial, incomplete and does not contain all matters material to the specified points on appeal, the appeal might be subject to construction as one taken on the judgment roll alone, or perhaps the appellate court would return the record with instructions to the trial judge to settle a statement containing all such material matters. In either event nothing would be gained by failure to meet the issue squarely and now.

''This case appears to me to be a proper one for refusal to

settle the statement in the absence of a reporter's transcript or a genuine effort to furnish a substantial substitute therefor. (*Lande* v. *Southern Cal. Freight Lines*, 78 Cal.App.2d 417, 420 [177 P.2d 936]; *St. George* v. *Superior Court*, 93 Cal. App.2d 815, 817 [209 P.2d 823]; *Burns* v. *Brown*, 27 Cal.2d 631, 636 [166 P.2d 1]; 35 Cal.L.Rev. 486.)

"Provided all copies of papers included in the judgment roll (especially those mentioned in paragraphs 1, 2, and 3 supra) are made to conform to the original record, appellant is given leave to present, within thirty (30) days from this date, a proposed statement based upon a complete reporter's transcript, or, if he so elects, to abandon any narrative statement and proceed upon the judgment roll alone."

The aforesaid paragraph VI of the petition for a writ of mandate herein further avers that, "On June 19, 1950, petitioner duly moved the said judge, in open court, for an order permitting the amendment of said proposed Statement on Appeal, to make certain changes in copies of the findings and judgment to conform to interlineations made by the judge, and to substitute the respondents' statement of the testimony for that proposed by petitioner, with certain minor additions. Petitioner also offered to abandon even the minor additions suggested. Respondents, however, objected to the settlement of any Statement on Appeal under Rule 7, unless petitioner first obtains a Reporter's Transcript as ordered by Judge Ashburn. Petitioner also moved at said time and place for an order settling the said statement on appeal as amended or as the Court may further desire to amend same."

On June 19, 1950, respondent judge entered an order as follows: "Appellant's motion for leave to amend proposed statement on appeal and for an order settling said statement is denied."

█ The rule now appears to be well settled in this state that when an appeal is taken pursuant to rule 7 of Rules on Appeal, full and plenary power over such a record is reposed in the trial judge, subject only to the limitation that he *does not act arbitrarily.* (*Burns* v. *Brown*, 27 Cal.2d 631, 636 [166 P.2d 1]; *Averill* v. *Lincoln*, 24 Cal.2d 761, 765 [151 P.2d 119]; *Lande* v. *Southern California Freight Lines*, 78 Cal.App.2d 417, 420 [177 P.2d 936]; *St. George* v. *Superior Court*, 93 Cal.App.2d 815, 817 [209 P.2d 823].)

The question presented to us is whether in refusing to settle the statement on appeal under rule 7 of Rules on Appeal, the trial judge acted in an arbitrary fashion. We

are persuaded that he did. In the present case a much different situation is presented than appears in the foregoing cases relied upon by respondents. The statement on appeal proposed by petitioner herein was in the usual form. Respondents offered amendments to it and petitioner did not decline, but on the contrary, agreed to include these amendments in the statement.

The deficiencies mentioned in the first three paragraphs of the order of May 26, 1950, refusing to settle the statement could and can easily be corrected, and petitioner agreed to such corrections. While stating in his order that neither the statement proposed by petitioner nor the amendments offered by respondents Ravenscroft and Hiers "contained all the evidence material to the various 'points on appeal,'" nowhere does the respondent judge point out or specify any deficiencies, such as were carefully listed by the judge in the case of *Dainty Pretzel Co.* v. *Superior Court*, 7 Cal.App.2d 437, 439 [45 P.2d 817]. Without particularizing any deficiencies in the statement proposed and the amendments offered thereto, the respondent judge herein contents himself with saying, "It is also my opinion that a correct statement containing all the material evidence cannot be settled without the aid of a complete reporter's transcript." Before a litigant can be compelled to expend the sum of $325 for a complete reporter's transcript surely the trial judge, in the interests of justice, should specify wherein the statement as offered and amended is deficient. While a trial judge has undisputed power to settle as the record anything he wants therein, he cannot arbitrarily refuse to settle the record without disclosing a single item of relevant testimony that was omitted from the proffered statement on appeal. Under the facts here present, the respondent judge should either have allowed the amendments and ordered the statement prepared accordingly, or required such other changes as would make it conform to the facts. In ordering amendments to the statement on appeal the trial judge has available (1) the suggestions of the respondents on appeal; (2) the judge's own memory (*Vatcher* v. *Wilbur*, 144 Cal. 536 [78 P. 14]); (3) notes made by the judge during the trial (4 C.J. 257); and (4) the right to recall a witness to repeat testimony (4 C.J. 257); and (5) the right to have the reporter reread such of his notes as may prove helpful. If the foregoing prove insufficient, then it should be made to clearly appear from the record,

and reasons given therefor, why the trial judge was convinced of his inability to settle a satisfactory statement, agreed to by both appellant and respondents on appeal, without the benefit of a complete reporter's transcript. There is no such showing here. Insofar as the statements made in the foregoing cases relied upon by respondent judge are correct principles of law, they are inapplicable to the factual situation presented by the petition herein and respondent judge's answer in opposition thereto (*St. Clair* v. *Bullock,* 12 Cal.2d 450, 454, 455 [85 P.2d 867]).

The very purpose of rule 7 of Rules on Appeal as stated therein is to permit the filing of a narrative statement "in lieu of a reporter's transcript," thus obviating records on appeal being many times longer than there is any necessity for, and which very greatly increases the costs to litigants as well as the labors of the appellate court without any corresponding benefit.

Respondent judge was not required to sign the proposed statement, it was his duty merely to settle it, and this implied that he should amend it, or cause it to be amended, so as to make a fair statement. If he knows wherein the proposed statement and amendments offered thereto are deficient he should point out such deficiencies and the reasons for requiring a complete reporter's transcript in order to settle a fair statement.

We think therefore, under the circumstances of this case, it was not a proper exercise of the discretion vested in respondent judge to require petitioner herein to incur an expense of $325 in furnishing a full transcript of the reporter's notes as a condition for settling the statement on appeal.

For the foregoing reasons it is ordered that a peremptory writ of mandate issue requiring respondent judge to settle the statement on appeal in accordance with the views herein expressed.

Doran, J., and Drapeau, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 26, 1950. Shenk, J., voted for a hearing.