[S. F. No. 18482. In Bank. Dec. 14, 1951.]

WESTERN STATES CONSTRUCTION COMPANY (a Copartnership) et al., Appellants, v. MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

A. Don Duncan for Appellants.

Dion R. Holm, City Attorney, and Louis T. Kruger, Deputy City Attorney, for Respondents.

EDMONDS, J.—In an action brought by Anna Perez in the municipal court, she obtained a judgment against Western States Construction Company. When a proposed statement upon appeal was filed by Western States, the trial judge refused to settle it. There is now before this court an appeal from a judgment of the superior court denying a petition for a writ of mandate to compel him to do so.

The proposed statement, Western States alleges in its petition, "was prepared in accordance with the . . . Rules on Appeal from Municipal Courts in Civil Cases . . . , and filed within the time required by law and said Rules." It "contains all the material evidence, and is fair, and is a condensed statement in narrative form of all portions of the oral proceedings as appellants deem material to the determination of the points on appeal."

Other facts relied upon by Western States concern the proceeding at the time the proposed statement was presented to Judge Golden for settlement. According to the appellant, Scholars, an attorney of record for Perez, then stated that Crawford, one of his associates, who had taken the principal

part in the trial of the action, died shortly thereafter. Because of that situation, said Scholars, he could not propose any amendments to the statement. Upon that representation, the appellant asserts, Judge Golden made an order refusing to settle the statement. He advised the appellant, it declares, that the record on appeal would have to be a complete reporter's transcript of the proceedings at the time of the trial. The basis of his order, said the judge, was that Mr. Crawford is dead, and there were no proposed amendments to the statement, and "nothing to settle," and he could not remember all of the proceedings.

When the mandate proceeding was tried, the answer of the respondent municipal court was withdrawn "to expedite argument on the legal issues." Thereafter, the petition for the writ of mandate was denied.

Western States now contends that the trial judge abused his discretion in refusing to settle the statement, there being no amendments proposed and no objections made to the statement by opposing counsel or the judge. The cost of a reporter's transcript, it says, is out of all proportion to the amount of the judgment, $725, and Perez is insolvent.

The respondents argue that the reasons given by the judge in refusing to settle the statement show no abuse of discretion. He could not remember all the proceedings and the death of Crawford cast upon him the burden of acting as counsel for Perez and proposing amendments to the statement offered. For these reasons, it is said, his refusal to assume this burden, without a reporter's transcript of the whole proceedings, was within his sound discretion.

Rule 7a of the Rules on Appeal from Municipal Courts in Civil Cases provides: "If, in lieu of a reporter's transcript, the appellant desires to set forth the oral proceedings by a settled statement, he shall serve and file a notice so stating. . . . Within 20 days thereafter the appellant shall serve and file a condensed statement in narrative form of all or such portions of the oral proceedings as he deems material to the determination of the points on appeal. . . ." ▪ The basic purpose of the rule ". . . is to permit the filing of a narrative statement 'in lieu of a reporter's transcript,' thus obviating records on appeal being many times longer than there is any necessity for, and which greatly increases the costs of litigants as well as the labors of the appellate court without any corresponding benefit." (*Keller* v. *Superior Court,* 100 Cal.App.2d 231, 236 [223 P.2d 309].) ▪ Unless there is some justifi-

able excuse, a trial judge may not arbitrarily refuse to settle the statement. "To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty." (*Sansome* v. *Myers*, 80 Cal. 483, 486 [22 P. 212].)

In the present case, the respondents withdrew their answer to the verified petition for the writ of mandate, thereby conceding the truth of all of the facts stated by the appellant. (*Pereria* v. *Wallace*, 129 Cal. 397, 400 [62 P. 61] ; Code Civ. Proc., § 1094 ; 16 Cal.Jur. 870.) One of the material facts thus conceded is that the proposed statement on appeal is in condensed narrative form, "contains all of the material evidence, and is fair."

The inability of the trial judge to "remember all of the proceedings" was a matter commented upon in *Cripe* v. *Unangst*, 20 Cal.App. 75, 78 [128 P. 345], where it was said that in *Vatcher* v. *Wilbur*, 144 Cal. 536, 538 [78 P. 14], the correct rule to be followed by trial courts in proceedings of this nature has been laid down. "If, as alleged by respondent [judge] in his affidavit, he has forgotten by reason of the lapse of time many important matters, that difficulty can be obviated by having the reporter read to him the notes taken at the trial, from which the judge may intelligently and properly direct appellant as to the manner and character of the statement which should be prepared and which only he is willing to settle."

In *Keller* v. *Superior Court*, 100 Cal.App.2d 231 [223 P.2d 309], the trial judge had pointed out certain specific deficiencies in the proposed statement and then objected generally that all of the evidence relevant to the various points on appeal was not included. An offer was made to amend the statement to correct the specific deficiencies and to adopt the much longer proposed statement of the opposing party. The trial judge denied leave to amend and refused to settle the statement. In granting a writ of mandate, it was said that the specified deficiencies could easily have been corrected. As to the general objection that neither the proposed statement nor the amendments offered " 'contained all the evidence material to the various "points on appeal," ' nowhere does the respondent judge point out or specify any deficiencies. . . ." The appellate court concluded as follows: "Before a litigant can be compelled to expend the sum of $325 for a complete reporter's transcript surely the trial judge, in the interests of

justice, should specify wherein the statement as offered and amended is deficient. While a trial judge has undisputed power to settle as the record anything he wants therein, he cannot arbitrarily refuse to settle the record without disclosing a single item of relevant testimony that was omitted from the proffered statement on appeal. Under the facts here present, the respondent judge should either have allowed the amendments and ordered the statement prepared accordingly, or required such other changes as would make it conform to the facts. In ordering amendments to the statement on appeal the trial judge has available (1) the suggestions of the respondent on appeal; (2) the judge's own memory (*Vatcher* v. *Wilbur*, 144 Cal. 536 [78 P. 14] ; (3) notes made by the judge during the trial (4 C.J. 257) ; and (4) the right to recall a witness to repeat testimony (4 C.J. 257) ; and (5) the right to have the reporter reread such of his notes as may prove helpful. If the foregoing prove insufficient, then it should be made to clearly appear from the record, and the reasons given therefor, why the trial judge was convinced of his inability to settle a satisfactory statement, agreed to by both appellant and respondents on appeal, without the benefit of a complete reporter's transcript." (*Keller* v. *Superior Court, supra*, at pp. 235-236.)

■ Nor can the death of counsel for Perez deprive Western States of its statutory right to have the trial judge settle a statement on appeal. The effect of counsel's death, it is argued, is that there were no amendments proposed to the statement offered by Western States. However, as pointed out in *Sansome* v. *Myers*, 80 Cal. 483, 486 [22 P. 212], the failure of opposing counsel to offer amendments to the proposed statement does not justify the trial judge in arbitrarily refusing to act. In the Sansome case, the opposing counsel had "neglected his duty by failing to propose the necessary amendments," but the comments in that opinion are applicable equally to the present circumstances. "[I]t was not the duty of the judge to prepare a statement, but it was his duty to see that one was properly prepared, and then sign it. If the attorney for the petitioner had omitted anything material, the judge should have directed and required him to insert it, or if matter was incorrectly stated, he should have required him to correct it. . . . If the petitioner had refused or neglected to so correct the proposed statement as directed, the judge would no doubt have been justified in refusing to settle the same, but not otherwise. This the findings do not show.

The respondent refused in the first instance to *settle* the statement, not to sign it. This we think he had no right to do. To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty.''

So in the present case, the absence of proposed amendments, from whatever cause, did not relieve the trial judge of his duty to settle the proposed statement with such corrections and additions as might be necessary. In doing so he does not have to rely solely upon his memory; several of the memory aids suggested in the Keller case are available to him. The purpose of the rule allowing a record upon appeal to be presented by a settled statement is to reduce the cost of litigation as much as possible. ▮ Its use is particularly justified where, as here, the cost of a reporter's transcript is nearly one-half of the amount of the judgment.

▮ The judgment is reversed and the superior court is directed to issue a peremptory writ of mandate requiring the settlement of the statement on appeal.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.