[Civ. No. 280.   Fifth Dist.   Aug. 16, 1963.]

LEWIS EARL ROUSE, Individually and as Administrator With the Will Annexed, etc., Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; NORVELL B. UNDERWOOD et al., Real Parties in Interest.

---

*Assigned by Chairman of Judicial Council.

William H. Haupt for Petitioner.

No appearance for Respondent.

Conron, Heard, James & Hamilton and Wayne M. Hamilton for Real Parties in Interest.

STONE, J.—■ This petition for writ of mandate to direct the trial court to certify an engrossed statement on appeal arose out of the following sequence of events: Petitioner-plaintiff appealed from a judgment entered after a 26-day trial to the court without a jury. Pursuant to Rules on Appeal, rule 7(a),* plaintiff elected to proceed on a settled statement of the oral proceedings. He filed his proposed statement, to which defendants, the real parties in interest, objected. In addition, defendants filed their own proposed statement. Upon three occasions Judge Howden met with counsel and discussed changes in the proposed statements. The judge advised counsel that defendants' proposed statement would be used as the framework for a settled statement, rather than plaintiff's, and on that statement Judge Howden made some 60 notations for changes. This proposed statement containing the notations found its way into the clerk's file, but without either a minute order or formal written order by Judge Howden. Shortly after the last conference Judge Howden died, and the matter was assigned to Judge Bradshaw.

Counsel for plaintiff then prepared a new statement, as he states, "in accordance with my detailed notes and also the instructions of Judge Howden as I recalled them"; he served a copy of the statement upon counsel for defendants, who then filed objections thereto; and counsel for plaintiff, in turn, filed comments on defendants' objections.

A hearing was set before Judge Bradshaw, and during the conference counsel for plaintiff called Judge Bradshaw's attention to the proposed statement with Judge Howden's notations in the clerk's file. At the conclusion of the hearing, Judge Bradshaw ordered the matter submitted.

---

*Now California Rules of Court, rule 7(a).

While the matter was under submission, counsel for plaintiff prepared a new document entitled "An Engrossed Statement on Appeal" conforming it to the proposed statement and Judge Howden's notes thereon. He filed it with the County Clerk of Kern County with a request to have it certified by a judge of the Kern County Superior Court as the engrossed settled statement of Judge Howden. Judge Bradshaw refused to sign it except upon stipulation of counsel; whereupon plaintiff filed this proceeding in mandate.

Plaintiff points out that a trial court may not arbitrarily refuse to settle a statement on appeal (*Western States Constr. Co.* v. *Municipal Court,* 38 Cal.2d 146, 149 [238 P.2d 562]), but that is not the question before us. The question is whether Judge Howden ordered defendants' proposed statement with the judge's notations thereon to be filed as an engrossed settled statement.

The first doubt that such an order was made arises from the fact that no order by Judge Howden appears in the record. Plaintiff asserts that the mere filing of the draft with Judge Howden's notations is sufficient to engross the notations and settle the statement. However, there is no indication of the manner by which the draft with the notations found its way into the clerk's file, or who filed it, or why. Conceding that Judge Howden handed the document to the clerk for filing, his purpose or intent in having it placed in the file would be controlling on the issue before us. He may have wanted it preserved for references purposes, or for future conferences, or for use if other proceedings were had.

Plaintiff's counsel alleges that the judge orally ordered the statement settled as engrossed, and that he directed him as counsel for plaintiff to prepare and file a conforming statement. Yet in his affidavit filed in opposition to a motion to dismiss this appeal, counsel stated that: "On January 25, 1963, no order was made by Judge Howden, fixing any time within which a new draft of the proposed statement on appeal should be filed. He did not then or at any other time, direct the filing of an engrossed statement by appellant. To the contrary, counsel for respondent stated to Judge Howden, that when the corrected draft was filed he desired the right to file amendments thereto, or to file objections thereto, and was advised by Judge Howden that he could do so."

Defense counsel is generally in accord with the foregoing statements and assert that they correctly reflect the remarks

made by Judge Howden at the conclusion of the conference held just prior to his death.

Furthermore, plaintiff's method of proceeding after Judge Howden's death lends credence to defendants' version of Judge Howden's remarks. Plaintiff filed a new draft of a settled statement and presented it to Judge Bradshaw to be settled. During oral argument plaintiff described the circumstances surrounding preparation of the statement as follows: "... I took my notes and prepared from that what I thought Judge Howden had directed to be done, my detailed notes, the taking of my detailed notes, as such, but also the instructions of Judge Howden as I recalled them, that all the matters pertaining to—the date when the action was filed, when the complaint was served, and answer filed, filing of judgment, filing of notice of appeal—all these matters should be brought together. They were scattered out. ... I did that in the first one I prepared. Another thing, he said he wanted everything concerning corporate stocks brought together in one place. That has been done in the first statement. Those things don't show up on Judge Howden's notes on the official court records." This language appears to us to be inconsistent with plaintiff's contention that the proposed statement with the notations of Judge Howden constituted an engrossed settled statement.

Also inconsistent with plaintiff's present position is the fact that after defendants filed objections to plaintiff's statement, plaintiff, rather than contending that Judge Howden's notes constituted an engrossed statement, filed an answer to the objections.

Settlement of plaintiff's proposed statement, defendants' objections, and plaintiff's answer to objections, was ordered submitted by Judge Bradshaw. The matter is still under submission, according to the record before us. We believe plaintiff's petition for writ of mandate filed during submission of the settlement proceeding is without merit.

Writ denied.

Conley, P. J., and Brown (R.M.), J., concurred.

A petition for a rehearing was denied September 13, 1963, and petitioner's application for a hearing by the Supreme Court was denied November 13, 1963.