Filed 9/16/16 (unmodified opn. attached)

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| WENDY RANDALL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GEOFFREY MOUSSEAU,<br><br>    Defendant and Respondent. | B263945<br><br>(Los Angeles County<br>Super. Ct. No. BC458630)<br><br>**ORDER MODIFYING OPINION (NO CHANGE IN JUDGMENT)** |

THE COURT:

IT IS ORDERED that the published opinion filed herein on August 24, 2016, be modified as follows:

1.  On page 6 at the end of footnote 5, the following language has been added:

    "Appellant has not identified any error in the denial of that motion other than the issues raised with respect to the judgment. As set forth above, the record is insufficient to resolve those claims."

The foregoing does not affect a change in the judgment. Appellant's petition for rehearing is denied.

_____
PERLUSS, P. J.,                  ZELON, J.,                  GARNETT, J. (Assigned)

Filed 8/24/16 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WENDY RANDALL, | B263945 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC458630) |
| v. | |
| GEOFFREY MOUSSEAU, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy Lewis, Judge. Affirmed.

Law Offices of Daniel B. Spitzer and Daniel B. Spitzer for Plaintiff and Appellant.

Geoffrey Mousseau, in pro. per., for Defendant and Respondent.

_____

Litigants in California may exercise their right to appeal without obtaining and transmitting to the Court of Appeal a verbatim transcript of the oral proceedings in the trial court. One alternative mechanism available to litigants is the settled statement, which requires the parties and the court to create an adequate, accurate record of the trial or ruling on appeal. When a proper motion is made, it is the obligation of the parties and the court to work together to prepare the settled statement. California law has long recognized this obligation: a trial court may not "deprive a litigant of his right of appeal by simply refusing to perform a plain duty."

Appellant Wendy Randall appeals a judgment for defendant after a court trial. There was no court reporter during the trial, and the trial court denied Randall's motion for a settled statement after trial. The trial court abused its discretion by denying Randall's motion, and as a result, of her right to her appeal, but Randall failed to seek timely review of that denial. Because the issue has been forfeited, and because the record before us is insufficient to permit review of the judgment, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Wendy Randall sued Geoffrey Mousseau for breach of contract and common counts on April 1, 2011. The parties tried the case to the court commencing on January 20, 2015; the court issued a minute order finding for the defendant on both counts on January 22, 2015 and entered judgment for the defendant on March 9, 2015. Randall moved for a new trial and for judgment notwithstanding the verdict on March 18, 2015. The trial court heard and denied both motions on May 1, 2015.

Randall filed a motion for a settled statement (Cal. Rules of Court, rules 8.130, 8.137) on May 15, 2015, attaching a proposed settled statement. Mousseau objected, asserting that Randall was not entitled to use a settled statement when she had made the decision not to hire a court reporter for the trial and subsequent proceedings. Mousseau also filed objections to the contents of the proposed statement, but did not propose any amendments.

In a minute order dated August 14, 2015, the trial court denied the motion, stating: "The request places a burden on the other side who has to review the proposed settlement and provide their own version. The burden is placed on the court to conduct a settlement conference with the parties regarding the contents of the statement. Minute order contains ample information, there is no reason for a further settled statement."

On appeal, Randall attempted in her briefing to supply the testimony at trial, but did not argue that the trial court had erred in denying her motion for a settled statement. Mousseau argued in response that the failure to provide a record on appeal requires this court to affirm the judgment. Mousseau is correct that we cannot reach the merits of this matter on the record before us because an appealed judgment is deemed correct; it is appellant's burden to provide an adequate record demonstrating error. He is also correct that Randall has forfeited this issue.[1] Nonetheless, because many trial courts no longer provide court reporters in civil matters, and this issue is likely to recur, we address the procedure to be followed in these cases.

## DISCUSSION

A. The Trial Court Has A Duty To Settle A Statement

California jurisprudence has long recognized the availability of a settled statement of proceedings at the trial court as a viable alternative to a reporter's transcript on appeal. Although the procedure is now set out in the Rules of Court, the Supreme Court specified the duty of a trial court to settle a statement at the request of a litigant as early as 1889. In *Sansome v. Superior Court* (1889) 80 Cal. 483, 486, the Court declared that a trial court has the obligation to settle a statement, an obligation with which it could not simply fail to comply, explaining: "[t]o so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty." (See

---

**1**      We requested supplemental briefing on this issue from the parties. Randall argued for the first time that remand for preparation of a settled statement would be appropriate, but also asserted that the record was adequate for review. Mousseau reiterated his argument that no settled statement should be available when a party chooses to forgo hiring a court reporter, and argued as well that Randall's request was too late.

3

also *Western States Const. Co. v. Municipal Ct.* (1951) 38 Cal.2d 146, 151[ trial court has duty to settle proposed statement].)

The preparation of a settled statement to provide a record for appeal in civil matters is now governed by California Rules of Court, rules 8.130 (h)[2] and 8.137.[3] The latter rule sets forth the requirements, and time deadlines, applicable to the request, and defines the role of the parties and the trial judge in preparing the record. To make such a motion, the party must demonstrate that "a substantial cost saving will result and the statement can be settled without significantly burdening opposing parties or the court"; or "the designated oral proceedings were not reported or cannot be transcribed"; or that "the appellant is unable to pay for a reporter's transcript and funds are not available from the Transcript Reimbursement Fund." (Rule 8.137(a)(2).)

Over the course of recent years, a number of trial courts, including those in Los Angeles County, have ceased providing court reporters in many civil proceedings, leaving the litigants with the burden and expense of hiring a private court reporter, or relying on an alternative, such as a settled statement, to create a record for appeal. Rule 8.137 does not indicate a preference for one form of record over the other: the Rule expressly permits a litigant, whether or not he or she can afford the cost of a privately retained reporter, to choose a settled statement. (See *Los Angeles County Court Reporters Assn. v. Superior Court* (1995) 31 Cal.App.4th 403, 410 [official reporter's transcript not required for appeal; settled statement is authorized substitute].)[4] The trial court does retain discretion to refuse to settle a statement; it need not consent to a

---

**2** Rule 8.130(h) applies where there is a reporter's transcript for a proceeding, but a portion cannot be transcribed. It permits the use of a settled statement in those circumstances, but does not limit Rule 8.137: "[t]his remedy supplements any other available remedies." (Rule 8.130(h)(3).)

**3** All further references to rules are to the California Rules of Court.

**4** Respondent argued at the trial court, and at this court, that the appellant's decision not to hire a court reporter deprived her of the right to seek a settled statement for her appeal. That assertion was made without citation to any authority, and, as demonstrated in the text, was not only erroneous, but also frivolous.

narrative that is inaccurate, but may insist that the statement reflects the actual proceedings. That discretion, however, is limited and must be exercised in a manner that does not interfere with the litigant's statutory right to appeal. (*Burns v. Brown* (1946) 27 Cal.2d 631, 636; see also *St. George v. Superior Court* (1949) 93 Cal.App.2d 815, 817 [trial court's power over the record must not be exercised in an arbitrary manner]; *Eisenberg v. Superior Court* (1956) 142 Cal.App.2d 12, 18 ["full and plenary power over [the record] is reposed in the trial judge, subject only to the limitation that he *does not act arbitrarily*"].)

The trial court thus must have justification for the actions it takes with respect to the proposed statement. Where a trial court makes specific findings of deficiencies, which are supported by the record, it is not an abuse of discretion to refuse to settle the statement. Without such findings, the trial court does abuse its discretion. (*Sidebotham v. Superior Court* (1958) 161 Cal.App.2d 624, 627-628; see also *Keller v. Superior Court* (1950) 100 Cal.App.2d 231, 236 [under prior version of rule, it was an abuse of discretion for trial court to refuse to settle statement without specifying deficiencies; "The very purpose of [the rule] . . . is to permit the filing of a narrative statement 'in lieu of a reporter's transcript'"].)

Randall satisfied the requirement of the Rule, because there was no court reporter in this matter. The trial court did not address this fact, but appeared instead to focus on an alternative ground, that there not be a "significant" burden on the opposing party or the court. The required showing is phrased in the disjunctive, however; the moving party need satisfy only one of the three requirements, not all of them. Even were that not the case, the trial court's findings here mirrored the Rule's requirements that both the parties and the court participate in creating an accurate summary of the proceedings. While this does require an expenditure of time and effort, it is no more than the Rule contemplates, and reflects the policy decision made to permit parties to appeal without the expense and burden of preparation of a reporter's transcript.

The trial court failed to make any findings of deficiencies in the proposed settled statement, but instead found only that the preparation of such a statement would be a

5

burden. That finding is not supported by any part of the record that is before this Court; the trial court did not explain why the preparation would be a burden of any kind, notwithstanding the rule's requirement that such a disqualifying burden be a significant one.[5] The trial court abused its discretion in its ruling.

The failure to comply with the Rule, and the resulting absence of a record, is more than significant to the appellant. Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Consequently, appellant has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Jade Fashion & Co. Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Maria P., supra* at pp. 1295-1296.) Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570.) As has occurred here, appellant is effectively deprived of the right to appeal.

B. The Moving Party Must Challenge A Denial in a Timely Manner

The appellant must, however, take steps to protect her right to appeal. When the trial court denies a party's motion for a settled statement, the rule requires appellant to "file a new notice designating the record on appeal under rule 8.121 within 10 days after

---

[5] The trial court also indicated its belief that the minute order it issued was sufficient. That minute order did not provide a condensed narrative of the proceedings, but merely described the court's conclusions after hearing the evidence. The court acknowledged it had weighed conflicting evidence: "The Court finds even though defendant is a Felon his explanation carries equal evidentiary weight as the Plaintiff's claim. The Court observed the demeanor of all witnesses while testifying." This court cannot determine the sufficiency of that disputed evidence to support the judgment without the required narrative.

The impact of the failure to permit such a narrative to be prepared is further demonstrated by the court's minute order denying the motion for a new trial, where the court stated that its conclusions were supported by the evidence at trial. This court is left unaware of that evidence.

the superior court clerk sends, or a party serves, the order of denial." (Rule 8.137(a)(3).) To preserve the issue of the denial for appeal, the appellant may seek writ review at the time of the denial, or raise the denial in the opening brief on appeal. (See *Western States Const. Co., supra*, 38 Cal.2d 146; *Keller, supra,* 100 Cal.App.2d 231.) In this case, appellant took none of these steps.

Here, while appellant detailed her request for a settled statement, and the trial court's denial, she did not contend that the trial court erred in denying her motion. Instead, she asserted in the opening brief, and in the reply, that the record was adequate to permit review by this court. It was not until the supplemental briefing that Randall argued that the trial court erred in denying her motion, and that remand was appropriate. This assertion is untimely; Randall had already forfeited the issue by failing to assert it either by petition for writ of mandate or in her opening brief.

Under these circumstances, we are compelled to affirm the judgment.

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.                                GARNETT, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.