Filed 11/28/17

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| HAROLYN RHUE,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>      Respondent;<br>_____<br><br>SAM NAM LLC, et al.,<br><br>      Real Parties in Interest. | No. B283248<br><br>(Los Angeles County<br>Super. Ct. No. BC590227) |

     ORIGINAL PROCEEDING; application for writ of mandate. Writ granted.

     Harolyn Rhue, in pro. per.; Bahar Law Office and Sarvenaz Bahar, for Petitioner.

     Frederick R. Bennett, County Council, Superior Court of Los Angeles County, for Respondent.

     No appearance by Real Parties in Interest.

_____

In California, litigants who comply with relevant statutes and rules have a right to appeal an adverse judgment; the trial court may not arbitrarily deny a litigant that right. In this matter, the trial court refused a timely request by petitioner to preserve a record so that she might appeal. Because the trial court abused its discretion in doing so, we grant the petitioner's request for a writ of mandate and order the preparation of a settled statement.

## FACTUAL AND PROCEDURAL SUMMARY

Petitioner Harolyn Rhue sued Signet Domain, LLC and Sam Nam (real parties in interest) in August 2015, in an action to quiet title. Neither of the real parties appeared in the action, and, in December 2015, the court entered their default. In May 2016, the trial court, on its own motion, set a hearing to dismiss the complaint. Two months later, the court vacated the default against Sam Nam, who still had not appeared, and offered Rhue an opportunity to amend her complaint. In August, on Rhue's motion for reconsideration, the court denied the motion and granted judgment on the pleadings against Rhue. The court's order stated no reason for its action.

Rhue moved to obtain a settled statement, as the August hearing had not been reported. The trial court denied the motion in May 2017, concluding, "no settled statement is necessary or required."[1] Rhue filed a writ, seeking relief from this Court; we

---

[1]  "Plaintiff's motion to use a settled statement on appeal (which implicitly also includes a request to have a statement ordered and prepared) is denied. As Plaintiff herself admits, the motion in issue was ruled upon based only on the papers before the Court and argument. No independent evidence was

2

issued an order to show cause on June 28, 2017.  Real parties filed no response in this Court; the Superior Court served a letter brief, which it requested be deemed the argument of amicus curiae.

## DISCUSSION

In August 2016, almost a year before the trial court in this case determined that no record was necessary for this Court's review, we published *Randall v. Mousseau* (2016) 2 Cal.App.5th 929.  In that case, we made clear that the discretion of the trial court to deny a request for a settled statement is limited:  "When a proper motion is made, it is the obligation of the parties and the court to work together to prepare the settled statement.  California law has long recognized this obligation: a trial court may not 'deprive a litigant of his right of appeal by simply refusing to perform a plain duty.'" (*Id.* at 931.)

In *Randall*, we acknowledged the problem faced by too many litigants in California's courtrooms, where there is no longer a court reporter provided as a matter of course.  We provided guidance as to the scope of the trial court's discretion in considering whether to order a settled statement and emphasized that the court must exercise that discretion "in a manner that

---

introduced at the hearing meaning none outside of whatever appeared in the papers before the Court.  No testimony was taken.  It is also impossible to attempt to reconstruct-even were it appropriate or necessary to do so-what was specifically said in oral argument, which, in all events, is generally not to exceed the points and especially facts pled in the papers before the Court.  The 'correctness' of the Judge's ruling is reviewed based on the papers before the trial court, no settled statement is necessary or required and Plaintiff's motion is denied."

3

does not interfere with the litigant's right to appeal. (*Burns v. Brown* (1946) 27 Cal.2d 631, 636, 166 P.2d 1; see also *St. George v. Superior* Court (1949) 93 Cal.App.2d 815, 817, 209 P.2d 823 [trial court's power over the record must not be exercised in an arbitrary manner]; *Eisenberg v. Superior* Court (1956) 142 Cal.App.2d 12, 18, 297 P.2d 803 ['full and plenary power over [the record] is reposed in the trial judge, subject only to the limitation that he *does not act* arbitrarily'].)" (*Randall v. Mousseau, supra,* 2 Cal.App.5th at p. 934.)

California Rule of Court, rule 8.137[2] governs requests for statements of decision, and sets the relevant parameters. The initial obligation is on the litigant seeking to proceed by way of settled statement. Rule 8.137(a) requires the litigant to file a motion which demonstrates that one of three criteria is satisfied. (Rule 8.137(a)(2).) Rhue satisfied her obligation under that rule by showing the designated proceedings were not reported. (Rule 8.137(a)(2)(B).) The trial court then had the obligation to grant or deny the motion, in writing. (*Mooney v. Superior* Court (2016) 245 Cal.App.4th 523, 531.) When a trial court denies the motion, as the trial court did here, it must provide reasons demonstrating a "'justifiable excuse' why a settled statement could not be produced using the established procedures." (*Id.* at 533.)

The trial court failed to provide a "justifiable excuse" in this case. First, it undertook to decide what this Court would need to review the judgment; that determination, however, is not properly before the trial court. It is the litigant who must make a judgment whether he or she intends "to raise any issue that requires consideration of the oral proceedings in the superior

---

[2]     All further references to rules are to the California Rules of Court.

4

court." (Rule 8.120(b).) If the litigant does not provide a record of the proceedings, the reviewing court may order the record augmented by oral proceedings to "prevent a miscarriage of justice." (Rule 8.130(a)(4).) This is not the trial court's decision to make.

The trial court's second reason, that it would be difficult for it to reconstruct the hearing, also fails to provide a justifiable basis for its denial of the motion. Instead, it stands in the face of settled case law: a trial court's stated difficulty in remembering what happened during the proceedings is not a ground to deny a settled statement. (*Western States Const. Co. v. Municipal Court* (1951) 38 Cal.2d 146, 147-148; see also *Mooney v. Superior Court*, *supra*, 245 Cal.App.4th at pp. 532-533.)[3]

The letter brief filed on behalf of the Superior Court does not address this authority. Instead it argues the court's denial was justified because no evidence was taken at the hearing and the ruling was a legal ruling requiring de novo review. The brief argues that these facts demonstrate that no statement of decision was necessary.

Counsel for the Superior Court relied only on one case: *Chodos v. Cole* (2012) 210 Cal.App.4th 692. There the appellate court, over a dissent, determined that a transcript of the oral

---

[3] The trial court also indicated its belief that, in light of the fact that oral argument generally cannot exceed the points made in the filings, no settled statement was necessary. If that were correct, on appeal, we would have to conclude in all cases that the parties forfeited any point related to, but not unequivocally stated in, their filings. Given the purpose of oral argument, to allow the parties to respond to the court's concerns about the issues, this position ignores reality.

argument was not necessary for its determination of the matter on the merits.  The court noted that neither party relied on the oral argument before the trial court, the issue was purely one of law, and the standard of review was de novo.  None of that is the case here.

Here, the trial court vacated the entry of default and later dismissed the action without stating the grounds for either decision; it denied the motion for reconsideration.  Two of these decisions involved the exercise of discretion by the trial court; accordingly, we review those determinations for abuse of discretion.  (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106 [motion for reconsideration]; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [relief from default].  In such a case, a settled statement may be indispensable.  (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 [In contrast to cases involving de novo review, "[i]n many cases involving the substantial evidence of abuse of discretion standard of review . . . a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable."]

In this case, the trial court stated no reasons for its rulings in its minute orders.  Moreover, all of the rulings were based on the trial court's own motions and not on filings made with the court by real parties.  The court took the extraordinary action of vacating an unchallenged default and dismissing the entire action without providing any explanation of the grounds for doing so.  In these circumstances, the trial court's denial of the request, if allowed to stand, would deprive this Court of the information necessary to rule on the merits of Rhue's appeal.[4]

---

[4]     That result implicates other serious  issues as well.  (See Cal. Code Jud. Ethics, Canon 3 (b)(7) ["[a] judge shall accord to

Here, as in *Randall*, the decision of the trial court to deny the request for a settled statement would be fatal to Rhue's attempt to obtain review of the trial court's decisions. "The failure to comply with the Rule and resulting absence of a record, is more than significant to the appellant. Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 86 Cal.Rptr. 65 468 P.2d 193.) Consequently, appellant has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295, 240 Cal.Rptr. 872, 743 P.2d 932; *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644, 177 Cal.Rptr.3d 184.) Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Maria P., supra,* at pp. 1295-1296, 240 Cal.Rptr. 872, 743 P.2d 932.) Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 202 Cal.Rptr.3d 318.) As has occurred here, appellant is effectively deprived of the right to appeal." (*Randall v. Mousseau, supra,* 2 Cal.App.5th at p. 935.)

As in *Randall*, the trial court here could, by its own actions, have denied Rhue's right to appeal. That was an abuse of discretion.

every person who has a legal interest in a proceeding, or that person's lawyer, the full right to be heard according to law"].)

7

## DISPOSITION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the trial court to prepare a settled statement.


ZELON, Acting P. J.


We concur:


SEGAL, J.


BENSINGER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8