Filed 1/27/21  Kavalis v. Blanchard CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAULA KAVALIS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHELE BLANCHARD,<br><br>    Defendant and Appellant. | B299253<br><br>(Los Angeles County<br>Super. Ct. No. SC127690) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Law Office of Motaz M. Gerges and Motaz M. Gerges, for Defendant and Appellant.

Bennett Kerns for Plaintiff and Respondent.

Michele Blanchard (landlord) appeals from a judgment after a bench trial lasting less than 3 hours concerning a dispute over a residential lease. Paula Kavalis (tenant) had signed a one-year lease but vacated the property after six months. Tenant sued landlord for a return of her security deposit or an itemized statement of deductions from the security deposit. Following the bench trial, the court awarded tenant the amount of her security deposit ($11,200) plus attorney fees and interest. Landlord appeals.

## BACKGROUND[1]

At trial, tenant presented evidence that she entered into a one-year lease with landlord; paid an $11,200 security deposit; paid six months of rent ($33,000) upfront; and vacated the premises in September 2016, six months after the lease commenced. Tenant never received her security deposit back, nor did she receive an itemized statement of deductions from the security deposit. Tenant filed suit to obtain a refund of her security deposit plus double damages pursuant to Civil Code section 1950.5. Landlord filed a cross-complaint for breach of lease and damage to the property.

On January 22, 2018, tenant filed a motion to compel responses to special interrogatories and for sanctions after landlord failed to respond to tenant's discovery request. On February 20, 2018, the trial court granted the motion and

---

[1] There is no reporter's transcript of the trial, nor is there any clerk's transcript other than the superior court case summary, two superior court minute orders, appellant's notice of appeal and designation of record on appeal. All background facts are taken from the superior court's minute orders, dated April 17, 2019 and June 7, 2019.

ordered responses from landlord by March 5, 2018. The court also awarded monetary sanctions. Landlord failed to provide any responses, and as a result, tenant filed a motion for terminating sanctions on March 16, 2018. The hearing on tenant's motion for terminating sanctions was held on April 17, 2018. At the hearing, tenant informed the court that landlord had served responses on tenant the previous evening, which was six months after they were due. The court reserved its ruling on the motion pending tenant's review of the responses.

On May 4, 2018, the court denied tenant's motion for terminating sanctions but imposed an evidentiary sanction. Pursuant to the evidentiary sanction, landlord was precluded from "'offering any evidence at trial that would have been responsive to the subject interrogatories, but which evidence was not produced.'" The interrogatories requested, among other things, all facts in support of landlord's various affirmative defenses, and all facts in support of the allegations in landlord's cross-complaint. In the responses that landlord provided on the eve of the hearing, all questions were answered in the same way, which the court summarized as follows: "(1) [tenant] did not pay the full term of her lease; (2) [tenant] left prematurely, and breached her lease contract; (3) [tenant] left the keys at the front desk; and (4) [tenant] caused damages to the property." Landlord failed to state any facts with respect to her attempts to re-lease the property, the eventual re-lease of the property, or any specific damage caused by tenant.

At trial, due to the evidentiary sanction, the trial court was forced to disregard landlord's testimony that she mailed tenant

an accounting on October 10, 2016.[2]  It was also forced to disregard landlord's testimony regarding her efforts to re-lease the property and her repairs to the property.

The court found in favor of tenant and awarded her $11,200, along with attorney fees not to exceed $1,000.  Upon review of tenant's objections to the order, the court later awarded tenant $2,800 in interest as set forth in tenant's objections.

On July 18, 2019, landlord filed her notice of appeal.

## DISCUSSION

### I.  The record is insufficient

Landlord has failed to provide a reporter's transcript, a complete clerk's transcript or appendix, a settled statement or an agreed statement.  The only documents available to this court are the superior court's case summary, a minute order dated April 17, 2019, a minute order dated June 7, 2019, appellant's notice of appeal, and appellant's notice designating record on appeal.

The absence of a sufficient record is fatal to landlord's appeal.  "Appealed judgments and orders are presumed correct, and error must be affirmatively shown.  [Citation]." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)  The appellant has the burden of providing an adequate record.  (*Ibid*.)  "Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.  [Citation].  Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment." (*Ibid.*)

Landlord appears to argue that the evidence does not support the judgment against her, as tenant was the one who

---

[2]     For various reasons, the court also found this testimony not credible.

4

breached the contract. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*." (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Thus, appellant is precluded from raising an argument regarding sufficiency of the evidence. (*Ibid.*) Therefore, we presume, as we must, that the unreported trial testimony would demonstrate the absence of error. The trial court's finding that tenant was owed her security deposit, plus attorney fees and interest, is therefore affirmed.

## II. Sanctions order

Landlord also attempts to challenge the sanctions order, arguing that the outcome was a manifest injustice and that she was denied a fair hearing. Landlord argues that the court erred on the "special interrogatories ruling," giving "evidentiary preclusion on [*sic*] entire gambit, to include any evidence at trial which would have been responsive to special interrogatories." However, landlord fails to cite any pertinent legal authority on the issue of evidentiary sanctions or include any reasoned argument. Landlord asserts, without citation, that "[t]o deny evidence of any form is an abuse of discretion and an error by the underlying court." However, Code of Civil Procedure section 2023.030, subdivision (c) permits a court to impose an evidence sanction "by an order prohibiting any party engaging in the misuse of the discovery process from introducing designated matters in evidence."

Landlord argues that the court should have permitted her to enter documents into evidence at trial, since the interrogatories at issue did not seek documents. Landlord fails to provide a record citation showing that she asked the trial court to

consider any such documents.  Landlord cites no authority for the proposition that documents containing the same evidence precluded in evidentiary sanctions should be admitted at trial, nor does she raise or address the issue of hearsay.

A party may not rest on the bare assertion of error but "'"must present argument and legal authority on each point raised."'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  "'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues [a party intends] to raise.'" (*Ibid.*)  In the absence of " 'cogent argument supported by legal analysis and citation to the record,'" we treat any challenge to the sanctions as waived. (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  Tenant (respondent) is awarded her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

CHAVEZ


We concur:


_____, P. J.

LUI


_____, J.

HOFFSTADT