Filed 12/14/21  Conservatorship and Estate of Bell CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| Conservatorship of the Person and Estate of ALCEONE BELL. | B311461 |
| | (Los Angeles County Super. Ct. No. 17STPB11004) |
| LATIF DIOP, | |
| Petitioner and Appellant, | |
| v. | |
| AILEEN FEDERIZO, as Conservator, etc., | |
| Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee R. Bogdanoff, Judge.  Affirmed.

Law Office of Kaveh Keshmiri and Kaveh Keshmiri for Petitioner and Appellant.

No appearance by Objector and Respondent.

_____

Latif Diop appeals the probate court's February 11, 2021 order denying his July 2019 petition for attorney fees incurred when he successfully petitioned the court to serve as the temporary conservator of Alceone Bell. Diop contends the court failed to consider his supplemental petition filed in December 2020, which he claims cured any defects in his July 2019 request. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Diop designated a record on appeal that consists of the superior court's docket sheet in this case, the February 11, 2021 order from which he appeals, and his February 17, 2021 notice of appeal. He did not include in his designation of record on appeal a transcript of proceedings,[1] any documents filed in the case, or any of the court's prior orders.

According to Diop's appellate brief, which understandably contains no citations to the nonexistent record on appeal, Diop petitioned to become the conservator of Bell in 2017 after he discovered Bell was malnourished and giving money to her roommate, who was using her credit cards. Diop tried his conservatorship petition to the court and established Bell was suffering from dementia. Following trial the court appointed Diop as Bell's temporary conservator. At some point shortly thereafter, while Diop "was waiting for the testamentary letters

---

[1] Diop checked the box on his notice designating record on appeal indicating his desire to proceed "without a record of the oral proceedings (what was said at the hearing or trial) in the superior court" and acknowledging that, as a consequence of that election, "the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

and powers from the court," the court appointed a new conservator and removed Diop. Diop did not object to the removal because he wanted "what was best" for Bell.

In July 2019 Diop petitioned to recover attorney fees he incurred before his removal. According to Diop, the new conservator did not object to paying Diop's attorney fees.

In December 2020 Diop filed a document apparently titled Supplemental Declarations of Latif Diop and Kaveh Keshmiri in Support of Petition for Fees containing declarations from Diop and his attorney, Keshmiri, as well as an itemization of Keshmiri's attorney fees. In his declaration Keshmiri, seemingly referring to a prior court filing, stated his "prior accountings may have seemed offset or inaccurate, because the time spent was not aligning or corresponding to the correct dollar amount. This was a drafting error. I have now marked the hours with a line corresponding to the dollar charge in the accounting attached as Exhibit A." In addition to fees for his attorney, Diop stated in his declaration he sought "nonattorney fees" of $55 per hour, or a total of $5,577, for his work in connection with the temporary conservatorship.

On February 11, 2021 the court denied Diop's petition. In its order the court stated, "The Court finds that insufficient evidence has been provided to grant the matter on calendar this date based upon the reading of the moving papers and consideration of all presented evidence. [¶] The Petition—Allowance of Fees filed on 7/23/2019 by Petitioner(s) Latif Diop is denied with prejudice."

Diop filed a timely notice of appeal.

3

## DISCUSSION

Probate Code sections 2641 and 2642 authorize payments from a conservatee's estate to compensate a conservator and the conservator's attorneys for services during the conservatorship. (*Conservatorship of Cornelius* (2011) 200 Cal.App.4th 1198, 1204.) Without citing those statutory provisions governing his request, Diop contends he spent three years and more than $18,000 in attorney fees establishing the need for a conservatorship of Bell and the probate court erred in failing to consider his December 2020 "supplemental petition" when denying his request for fees. There are numerous problems with Diop's appeal.

First, Diop failed to identify the December 2020 filing in his designation of record on appeal, and those documents are not included as a part of the record before us. Diop's attachment of a copy of those documents, without any file stamp, to his appellate brief instead of filing a motion to augment the record was improper and did not cure the defect. (See Cal. Rules of Court, rules 8.155(a) [augmenting the record on appeal], 8.204(d) [attachments to briefs].)

Second, even if Diop had properly moved to augment the record on appeal with a file-stamped copy of the supplemental papers and we had granted that motion, Diop still presented a wholly inadequate record for this court to consider his challenge to the probate court's order. Although Diop complains the probate court failed to consider what he now describes as his "supplemental petition," there is no basis for us to determine if that is true. Diop's December 2020 filing was titled supplemental declarations in support of his petition. The court denied his petition. There is no indication the court failed to consider the

4

December 2020 supplemental declarations in support of the petition when it denied the petition.

Third, Diop did not include his July 2019 petition in the record on appeal. Accordingly, we cannot tell whether his supplemental documents, assuming they were properly filed and considered, would have made any difference.

Fourth, according to the docket, on September 15, 2020 the court denied a request for attorney fees that Diop had filed in March 2019, before his July 2019 request for fees and his December 2020 supplemental declarations. The docket also reflects an October 27, 2020 petition by the conservator to approve a settlement agreement and the court's December 4, 2020 order approving that request, a ruling that may well have affected Diop's entitlement to fees. None of this information was included in the record, let alone explained.

In sum, there could be myriad reasons for the court's order denying Diop's July 2019 petition notwithstanding Diop's filing of supplemental declarations in December 2020. It was Diop's burden to provide an adequate record on appeal to demonstrate reversible error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [to overcome presumption on appeal that an appealed judgment or order is presumed correct, appellant must provide an adequate record demonstrating reversible error]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["[i]t is well settled, of course, that a party challenging a judgment has the burden of proving reversible error by an adequate record"]; *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 [same]; *Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1 [same].) Because Diop has failed

5

to provide such a record, we necessarily presume the order is correct and affirm.  (See *Ballard,* at p. 574.)

## DISPOSITION

The February 11, 2021 order is affirmed.


                                    PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.