Filed 8/10/20; Certified for Publication 8/28/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF LOS ANGELES, | B298581 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STRO03037) |
| v. | |
| ARMANDO HERMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Jennifer H. Cops, Judge.  Affirmed.

Armando Herman, in pro. per., for Defendant and Appellant.

Michael N. Feuer, City Attorney, Vivienne A. Swanigan, Assistant City Attorney, and Jamie Kim, Deputy City Attorney, for Plaintiff and Respondent.

_____

Armando Herman appeals from a workplace violence restraining order imposed on him under Code of Civil Procedure section 527.8.[1] The trial court ordered restrictions on Herman's contact with Deputy City Attorney Strefan Fauble after Herman made threatening statements toward Fauble at city council meetings. Herman argues that the restraining order was unwarranted and violates his First Amendment rights. We disagree and affirm.

## BACKGROUND

**1. Herman's Course of Conduct**

Herman regularly attends city council meetings in Los Angeles and Pasadena. According to Herman, he has been removed from meetings more than 100 times. Herman and Fauble have known each other for several years through these meetings.

On April 17, 2019, Herman attended a public hearing before the Los Angeles City Council. Fauble was present at the meeting in his role representing his employer, the City of Los Angeles (City).

During the meeting, in a threatening manner, Herman said, " 'Fuck Mr. Fauble,' " and stated that " 'everyone should know' " that Fauble lives at a specific address in Pasadena, which Herman publicly revealed.

On April 29, 2019, Herman attended a meeting of the Pasadena City Council. During the public comment period, Herman in an angry and threatening manner again disclosed Fauble's home address, including the floor of his apartment, and

_____

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

2

described the location of Fauble's home in relation to where the Pasadena Council meets.

At that meeting, Herman also submitted public speaker cards. One such card had a swastika drawn on it. Another card had a drawing of a Ku Klux Klan hood with figures that were either an "SS" or lightning bolts above Fauble's name. Another card contained Fauble's home address and the statement "Los Angeles City Attorney Mr. Strefan Edward Fauble of Mayor Eric Garcetti & ATT Mike FEUER" with a swastika drawn next to Herman's comments. Other cards contained another drawing of a Ku Klux Klan hood and the statement, "Fuck you Edward Fauble."

Finally, on May 1, 2019, Herman attended another meeting of the Los Angeles City Council. He was disruptive and was escorted out of the meeting. Before leaving, Herman stated loudly and in a threatening manner, " 'fuck you Fauble. I'm going back to Pasadena and fuck with you.' "

## 2. The Restraining Order

On May 7, 2019, the City filed a petition for a workplace violence restraining order against Herman under section 527.8. The petition was supported by a declaration from Fauble.

The petition sought an order precluding Herman from harassing, threatening, contacting, or stalking Fauble or disclosing the address of Fauble's residence, and requiring Herman to stay at least 10 yards away from Fauble while attending city council and committee meetings. The trial court granted a temporary restraining order containing those terms and scheduled a hearing on a permanent order.

3

The hearing took place on May 30 and 31, 2019.[2] Fauble testified. Herman was given the opportunity to ask Fauble questions and to offer evidence and argument.

Herman explained that he made the challenged statements at the city council meetings because he was upset about a change in the city council rules and with his own homelessness. He denied intending to threaten Fauble. Herman said that the point of his Nazi symbolism was that he was "living in a holocaust."

The trial court granted the City's request for a restraining order. The court concluded that the evidence showed a "credible threat of violence." Among other things, the court cited videos of the incidents at the city council meetings showing Herman "very agitated, very angry"; Herman's disclosure of Fauble's home address; Herman's statement to Fauble that "I'm going to go back to Pasadena and fuck with you"; and Herman's drawings of KKK and Nazi symbols, especially in light of prior statements by Herman indicating a belief that Fauble is Jewish. The court also found that Herman's threats were likely to recur in the absence of a restraining order, citing the recent change in Herman's attitude toward Fauble.

The trial court explained that it was tailoring the restraining order to "make it as specific as possible in order for there to be protection for Mr. Fauble but for it not to hamper Mr. Herman's First Amendment right to speak at these meetings and advocate for the causes it's very clear for this court are very personal and very close to his heart." Accordingly, in addition to standard restraining order provisions precluding Herman from

---

[2] The record on appeal includes a reporter's transcript only for the second day of the hearing, May 31, 2019.

harassing, contacting, stalking, threatening, or engaging in acts of violence against Fauble, the court ordered that Herman "may attend council and committee meetings at the Los Angeles City offices, but when in council and committee meetings, [Herman] must maintain at least 10 yards distance between himself and Strefan Fauble.  [Herman] is also ordered not to further disseminate Strefan Fauble's home address online or in any public forum."  The restraining order (Order) remains in effect until November 30, 2020.

## DISCUSSION

### 1.    The Order Is Supported by Substantial Evidence

Section 527.8 permits an employer to seek a restraining order on behalf of an employee who has "suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace."  (§ 527.8, subd. (a).)  A "credible threat of violence" includes a "course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose."  (§ 527.8, subd. (b)(2).)  After a hearing, if a judge "finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence, an order shall issue prohibiting further unlawful violence or threats of violence."  (§ 527.8, subd. (j).)

The trial court found that the evidence showed a credible threat of violence.  The court also found that irreparable harm would occur in the absence of an order because Herman's threatening conduct was reasonably likely to recur.

We must affirm these findings if they are based on "substantial evidence." *City of San Jose v. Garbett* (2010) 190 Cal.App.4th 526, 538 (*Garbett*). In deciding whether there is substantial evidence supporting the trial court's findings, we interpret the evidence in favor of the prevailing party, i.e., the City. This means that we resolve all factual conflicts and questions of credibility in favor of the City, and we draw all reasonable inferences in favor of the trial court's findings. (*Ibid.*) Our task "*begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted," which will support the trial court's Order. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874.)

The Order was supported by the evidence if Herman's statements would have placed "a reasonable person in fear for his or her safety," regardless of Herman's subjective intent. (§ 527.8, subd. (b)(2); *Garbett, supra,* 190 Cal.App.4th at pp. 538–539.) The evidence was sufficient under this standard.

Herman's threats were credible. Herman's repeated disclosure of Fauble's home address served "no legitimate purpose." (§ 527.8, subd. (b)(2).) A reasonable person could conclude that Herman disclosed Fable's address so that Fauble would know Herman could find Fauble's residence. The threatening context of these disclosures is further shown by Herman's direct threat that he would "go back to Pasadena [where Fauble lives] and fuck with" him. The circumstances of the threats, including Herman's angry demeanor, supported the trial court's conclusion that the threats could reasonably be viewed as serious.

A reasonable viewer could also conclude that Herman's threats were personal. Herman drew hateful Nazi and KKK

6

symbols on public speaker cards along with insults directed at Fauble, and Herman had previously indicated a belief that Fauble is Jewish.

Herman's repeated threats, and the recent change in his attitude toward Fauble, also support the trial court's conclusion that Herman's conduct was reasonably likely to recur in the absence of a restraining order. The trial court therefore properly issued the Order based upon the evidence offered at the hearing.[3]

## 2. The Order Does Not Violate the First Amendment

Section 527.8, subdivision (c) precludes a court from issuing a restraining order that prohibits speech or other activities "that are constitutionally protected." Herman argues that the Order violates his right to freedom of speech under the First Amendment to the United States Constitution.[4]

---

[3] As noted, the appellate record contains a reporter's transcript only for the second day of the hearing. Nevertheless, sufficient evidence appears in the partial record to support the trial court's findings. Moreover, we must presume that the missing portions of the record would support the trial court's Order. That is because an appealed judgment is presumed correct, and it is the appellant's burden to show error. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

[4] Herman's brief also refers to article 1, section 2 of the California Constitution, which protects the right to freedom of speech. Herman points out that the California Constitution is more protective of free speech than the United States Constitution. (See *Gonzales v. Superior Court* (1986) 180 Cal.App.3d 1116, 1122–1123.) However, Herman does not provide any explanation or authority showing how this general

Our Supreme Court has explained that, "once a court has found that a specific pattern of speech is unlawful, an injunctive order prohibiting the repetition, perpetuation, or continuation of that practice is not a prohibited 'prior restraint' of speech." (*Aguilar, supra,* 21 Cal.4th at p. 140.) The trial court here found that the threatening statements Herman made toward Fauble were credible threats of violence that were not constitutionally protected.

That finding was correct. "True threats" are not constitutionally protected speech. (*People v. Lowery* (2011) 52 Cal.4th 419, 424 (*Lowery*).) A constitutionally unprotected threat is one that "a reasonable listener would understand, in light of the context and surrounding circumstances, to constitute a true threat, namely, 'a serious expression of an intent to commit an act of unlawful violence' [citation] rather than an expression of jest or frustration." (*Id.* at p. 427*,* quoting *Virginia v. Black* (2003) 538 U.S. 343, 359 (*Black*).)

As discussed above, the trial court concluded that Herman's threatening statements would "place a reasonable person in fear for his safety." That finding was reasonable, and Herman's

principle is relevant here. Our Supreme Court has explained that the analysis of a prior restraint on unlawful speech is the same under the United States and California Constitutions. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 142–145 (*Aguilar*).) Courts of appeal have also applied the same analysis under the California and United States Constitutions to the scope of unlawful threats under section 527.8. (See *USS-Posco Industries v. Edwards* (2003) 111 Cal.App.4th 436, 445–446; *Garbett, supra,* 190 Cal.App.4th at p. 536.) We therefore draw no distinction between the two constitutional provisions in our analysis.

8

threats therefore fell outside the scope of First Amendment protection.

Herman does not clearly explain the basis for his argument that the Order violates the First Amendment. However, his brief appears to suggest that the Order is invalid because Herman did not actually intend to harm Fauble. That claim, even if true, does not change our analysis.[5]

An actual intent to cause harm is not a requirement to prove a threat that falls outside the protection of the First Amendment. "The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats 'protects individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.' " (*Black, supra,* 538 U.S. at pp. 359–360.)

A threat can also fall outside the protection of the First Amendment even if the speaker does not intend to intimidate a particular person. As our Supreme Court explained in *Lowery,* "the category of threats" falling outside the scope of the First Amendment "*includes but is not limited to* threatening statements made with the specific intent to intimidate." (*Lowery, supra,* 52 Cal.4th at p. 427.) The relevant issue is not what the speaker intended, but what a reasonable listener would understand. (*Ibid.*)

Herman cites the decision of the Ninth Circuit Court of Appeals in *United States v. Bagdasarian* (9th Cir. 2011) 652 F.3d

---

[5] We do not decide this factual issue. It is not our role as an appellate court to do so, and in any event the issue is irrelevant to the propriety of the trial court's Order.

1113 for the proposition that establishing a true threat requires proof that meets both an "objective" and a "subjective" standard. However, our Supreme Court rejected this analysis in *Lowery.* The court explained that it was "not persuaded" by the analysis in *Bagdasarian* that "every statute criminally punishing threats must include as an element of proof the defendant's subjective intent to make a threat." (*Lowery, supra,* 52 Cal.4th at p. 427, fn. 1.) We must follow the law as it has been interpreted by our Supreme Court.[6]

Most of the prohibitions in the trial court's Order—such as the orders that Herman refrain from violence, stalking, and assault of Fauble, and the requirement that Herman remain 10 feet away from Fauble at meetings—concern conduct rather than speech. The portions of the Order that do apply to speech—i.e., the prohibition against threats of violence and the order precluding Herman from disseminating Fauble's home address— are based upon specific prior threatening conduct that was not protected by the First Amendment. The Order was therefore constitutionally permissible. (See *Aguilar, supra,* 21 Cal.4th at p. 140.)

## 3. The Order Did Not Violate Due Process

Herman appears to claim that the trial court issued the Order in violation of due process requirements. However, he does

---

[6] Herman also appears to challenge the constitutionality of the particular city council rule that caused him to be upset at the city council meetings. That argument is irrelevant to our decision. The reason for Herman's anger does not matter. Whatever the reason for Herman's threats, if those threats justified a restraining order under section 527.8, we must affirm the trial court's Order.

not support that claim with any specific argument explaining how his rights were allegedly violated.

The trial court conducted a two day hearing after providing notice to Herman.  At the hearing, Herman had the opportunity to question witnesses and to provide his own evidence and argument.  We find no violation of Herman's due process rights.

## DISPOSITION

The Order is affirmed.  The City of Los Angeles is entitled to its costs on appeal.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

11

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| CITY OF LOS ANGELES, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> ARMANDO HERMAN, <br><br>     Defendant and Appellant. | B298581 <br><br> (Los Angeles County <br> Super. Ct. No. 19STRO03037) <br><br> ORDER CERTIFYING OPINION <br>    FOR PUBLICATION |


THE COURT:

      The opinion in the above-entitled matter filed on August 10, 2020, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.


_____

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.