Filed 10/7/20  Horvath v. HC Automotive CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LASZLO HORVATH,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HC AUTOMOTIVE, INC., et al.,<br><br>Defendants and Appellants. | B295116<br><br>(Los Angeles County<br>Super. Ct. No. BC620911) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael P. Linfield, Judge.  Affirmed.

McCreary, PC and Duncan J. McCreary for Defendants and Appellants.

Law Office of David Valdez Jr. and David Valdez Jr.; Law Office of Steven A. Simons and Steven A. Simons for Plaintiff and Respondent.

Defendants and appellants RHC Automotive, Inc. (RHC), HC Automotive, Inc. (HCA), and Capital One N.A. (Capital One) (collectively, defendants) appeal from a postjudgment order awarding plaintiff and respondent Laszlo Horvath (plaintiff) attorney fees and costs against them.  We affirm the trial court's order.

## BACKGROUND

Plaintiff filed this action against defendants and others in May 2016, alleging that defendants failed to disclose that a vehicle they sold to plaintiff was previously stolen and damaged, causing the right-front suspension to fail while plaintiff was driving on the freeway.  The operative first amended complaint asserted causes of action for violation of the Consumer Legal Remedies Act (CLRA), unfair competition, fraud, breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act (Song-Beverly Act), and violation of Vehicle Code section 11711.

Plaintiff settled with defendants, and the parties agreed that attorney fees and costs would be determined by a subsequent motion.  The parties' settlement agreement states in pertinent part:

> "Plaintiff[] may submit a fee application to the Court . . . for an award against [HCA] and/or [RHC] of reasonable attorney fees and actually incurred costs in prosecuting the Action (the 'Fee Application'). . . . Plaintiff is deemed the prevailing party as to [HCA] and [RHC] (except as otherwise awarded by the Court, each of the Parties shall bear their own attorney fees and legal costs incurred in connection with the Action).  RHC expressly reserves the right to request a ruling by the Court as to whether RHC is the successor corporation of HC[A] and liable to

2

Plaintiff for attorney fees and costs, as well as, the extent of such liability.  RHC is not required to request a successor in interest determination, but solely retains the right to request said determination in its sole and unfettered discretion.  Except for the issue of prevailing party, Defendants reserve all defenses to the Fee Application, including but not limited to, the reasonableness of attorney fees and actually incurred costs as well as the enforceability of the fee award, if any, as to any Party.  Plaintiff reserves all arguments in favor of the Fee Application, including but not limited to, the appropriateness of a multiplier and the liability of [HCA] and/or [RHC] without apportionment.

"Capital One agrees to be jointly and severally liable to Plaintiff as to any order by the Court for [HCA] and/or [RHC] to pay attorney fees and costs to Plaintiff in connection with the above-referenced Fee Application. . . ."

Plaintiff filed a motion for attorney fees and costs against defendants, together with a memorandum of costs.  As to successor liability, plaintiff's motion states:

"The settlement agreement with [HCA], [Capital One], and [RHC] provides [RHC] with the opportunity to argue against successor corporation liability.  [Plaintiff] is unaware of whether it will do so and therefore provides some relevant facts herein.  [Plaintiff] further reserves the right to provide additional facts and evidence in reply to [RHC's] opposition to this motion."

"As of April 19, 2018, [HCA] was distributing fliers, at its former dealership location, stating 'Effective Friday, June 30th, 2017 Hooman Hyundai &

3

Hooman Chrysler Dodge Jeep Ram will be sold to Nissani BROS. Auto Group.' The flier directs customers to [RHC's] dealership address."

Defendants filed separate motions to tax costs and opposed the motion for attorney fees. The trial court set the motions to tax costs and plaintiff's motion for attorney fees to be heard together and requested briefing on the allocation of attorney fees. After the parties briefed that issue, the trial court allowed the parties to file simultaneous supplemental briefs on allocation.

In a 40-page minute order dated December 6, 2018, the trial court granted in part plaintiff's motion for attorney fees and granted in part defendants' motion to tax costs. On January 3, 2019, the trial court issued an order awarding plaintiff attorney fees and costs and allocating them among defendants as follows: $241,777.84 against HCA, RHC, and Capital One, jointly and severally, and $42,704.64 against HCA, RHC, Capital One and defendant and FCA US LLC,[1] jointly and severally.

This appeal followed.

**CONTENTIONS ON APPEAL**

Defendants raise the following contentions on appeal:

1. The trial court erred in ruling that RHC was the successor in interest to HCA because (A) plaintiff made no request for such a ruling in his notice of motion and motion for attorney fees, as required by Code of Civil Procedure section 1010 and California Rules of Court, rule 3.1110(a); (B) plaintiff offered no evidence to establish successor liability; and (C) the trial court misinterpreted the settlement agreement to impose successor liability against RHC.

---

[1]    FCA US LLC is not a party to this appeal.

4

2. The trial court erred in granting the request for attorney fees because plaintiff failed to meet his burden of identifying the fees incurred with respect to each defendant in the action.

3. The fee award was unreasonable and excessive.

## DISCUSSION

## I. Successor liability

### A. Alleged violation of California Rules of Court, rule 3.1110(a) and Code of Civil Procedure section 1010

Defendants' failure to include a copy of plaintiff's allegedly defective notice of motion and motion for attorney fees in the record on appeal defeats their contention that plaintiff failed to comply with Code of Civil Procedure section 1010 and rule 3.1110(a) of the California Rules of Court. The appellant has the burden of providing an adequate record on appeal. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.) Defendants' failure to provide an adequate record on the issue they raise requires resolution of that issue against them. (*Ibid.*)

### B. Plaintiff's alleged failure to present evidence

Plaintiff did not bear the burden of presenting evidence that RHC was HCA's successor in interest for purposes of an attorney fees award. The parties' settlement agreement does not impose that burden on plaintiff. Rather, paragraph 1 of the settlement agreement states that plaintiff is the prevailing party as to RHC and HCA and gives RHC the exclusive right to request a ruling by the trial court as to whether RHC is HCA's successor in interest. RHC did not seek such a ruling.

Plaintiff, in any event, did present evidence of successor liability, attaching to his attorney fees motion a flier that defendants gave to their customers. The flier stated that RHC was buying HCA and directed customers to RHC's address. The

5

trial court found that RHC's late-submitted evidence contesting successor liability, which plaintiff had no opportunity to challenge, was "largely conclusory." We do not reweigh the evidence or substitute our judgment for that of the trial court. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.)

### C. *Interpretation of settlement agreement*

The trial court did not misinterpret the settlement agreement. The fundamental rules of contract interpretation require a court to ascertain the mutual intention of the parties at the time the contract is formed. (Civ. Code, § 1636.) That intent should be inferred, if possible, solely from the written terms of the contract. (*Ibid.*) A court must consider the contract as a whole and interpret the language in context, rather than interpret a single provision in isolation. (§ 1641.) The clear and explicit meaning of the contractual provisions, interpreted in their ordinary and popular sense, controls their interpretation. (*MacKinnon v. Truck Ins. Exchange* (2003) 31 Cal.4th 635, 647.)

Paragraph 1 of the parties' settlement agreement states that for purposes of an attorney fee application, "[p]laintiff is deemed the prevailing party as to [HCA] and [RHC] . . . ." Plaintiff sought to recover statutory attorney fees pursuant to the CLRA and the Song-Beverly Act, and contractual attorney fees under Civil Code section 1717. Both the CLRA and the Song-Beverly Act mandate an award of attorney fees to the prevailing plaintiff. (Civ. Code, §§ 1780, subd. (e), 1794, subd. (d).)[2] Civil

_____

[2] Section 1780(e) of the CLRA states in pertinent part: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." (Civ. Code, § 1780, subd. (e).) Section 1794(d) of the Song Beverly Act states: "If the buyer prevails in an action under this section, the buyer

6

Code section 1717 similarly authorizes an attorney fees award to the prevailing party on an action to enforce a contract that contains an attorney fees provision.[3]  The sales contract between plaintiff and HCA contains such a provision.  The plain language of the settlement agreement deems plaintiff to be the prevailing party as to RHC and HCA.  Plaintiff was therefore entitled to recover statutory and contractual attorney fees against both those entities.

The settlement agreement gave RHC the exclusive right to challenge its liability for attorney fees and costs by requesting a ruling from the trial court on its status as successor in interest to HCA.  RHC did not do so.

Defendants' reliance on language in paragraph 9 of the settlement agreement stating that "[n]othing contained in this Agreement, and nothing concerning the payments or actions required or undertaken in connection with this Agreement, shall be construed or interpreted as an admission by any Party of any

---

shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determine by the court to have been reasonably incurred by the buyer in connection with the commence and prosecution of such action."  (Civ. Code, § 1794, subd. (d).)

[3]     Civil Code section 1717 states in relevant part:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

liability, wrongdoing, or actionable conduct of any type or nature whatsoever" does not negate RHC's liability to plaintiff as the prevailing party for purposes of an attorney fees motion. Defendant's interpretation of paragraph 9 as nullifying plaintiff's status as the prevailing party is also unreasonable, as it would preclude plaintiff from recovering attorney fees from all of the defendants, rendering paragraph 1 meaningless.

## II. Fee apportionment

Defendants fail to establish any abuse of discretion in the trial court's apportionment of the attorney fees award. A trial court has broad discretion not only in setting the amount of an award of attorney fees, but also in allocating the award among various defendants. (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 97 (*Gorman*).) The trial court's 40-page minute order contains extensive analysis and discussion regarding the apportionment of fees and costs among defendants. The record discloses no abuse of discretion.

We reject defendants' argument that they were denied the "full opportunity" to analyze and challenge the reasonableness of plaintiff's fees and costs bills and their allocation among the various defendants. The record shows that defendants argued in their opposition to plaintiff's motion that fees and costs should be apportioned among the defendants and the various causes of action. The trial court ordered further briefing on this issue and thereafter allowed the parties to submit simultaneous supplemental briefs on apportionment. Defendants had a full and fair opportunity to present their arguments on apportionment, and the record contains ample factual bases for the trial court's allocation among them.

## III. Amount of fees

Defendants fail to establish any abuse of discretion by the trial court in setting the amount of the fee award. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [trial court's determination of the amount of fees to be awarded will not be disturbed unless "clearly wrong"].) Defendants' challenge to four categories of allegedly unreasonable and excessive billing: (1) unsuccessful motion work, (2) duplicative fees, (3) unnecessary work, and (4) preparing the case for trial after it had settled, was addressed in detail in the trial court's minute order and rejected by the trial court. We presume that the trial court considered and applied all appropriate factors in determining the amount of the fee award. (*Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 621.) Defendants fail to meet their burden of demonstrating that the trial court's rejection of their arguments constituted an abuse of discretion. (*Gorman, supra*, 178 Cal.App.4th at p. 98.)

### DISPOSITION

The January 3, 2019 order awarding plaintiff his attorney fees and costs is affirmed. Plaintiff shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
       CHAVEZ

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT