Filed 12/22/22  Wasserman v. Wizgan CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRUCE WASSERMAN, | B314205 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. 19BBCV00464 |
| RAANAN WIZGAN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William D. Stewart, Judge.  Affirmed.

Klass, Helman & Ross and Robert M. Ross for Plaintiff and Respondent.

Halil Hasic and Marc J. Gedeon for Defendants and Appellants.

Bruce Wasserman sued Felix and Jacqueline Wizgan (the Wizgans), alleging their son fraudulently transferred stock to them in order to avoid a judgment. The Wizgans failed to appear at trial, and the court entered judgment in Wasserman's favor. On appeal, the Wizgans argue the judgment is not supported by substantial evidence, the court erred by entering a money judgment, and the judgment should be set aside on equitable grounds. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Wasserman obtained a $73,865.87 money judgment against Raanan Wizgan. While attempting to collect the judgment, Wasserman discovered that Raanan had transferred his interest in his company—Truepriced—to his parents, Felix and Jacqueline Wizgan. Wasserman filed a complaint against the Wizgans seeking to set aside the transfer, which he alleged was done to hinder, delay, or defraud him as Raanan's creditor.

The case proceeded to a court trial, which began on March 8, 2021. The Wizgans did not appear at trial. Wasserman presented 25 exhibits, which the court admitted into evidence. The exhibits included documents showing Raanan formed Truepriced in 2015 and transferred his interest in the company to his parents in 2018. Wasserman also submitted numerous financial records for Truepriced.

In addition to the exhibits, Wasserman presented testimony from two witnesses. The Wizgans did not include in the appellate record a reporter's transcript of the trial or a statement summarizing it, so we do not have the witness testimony in front of us. According to Wasserman, one of his witnesses was an expert who testified that Truepriced had a

2

value of at least $250,000 when Raanan transferred his stock to the Wizgans.

At the end of the first day of trial, the court continued the trial to March 30, 2021. On March 26, the parties stipulated to continue the trial to May 2021 to allow Wasserman's attorney time to recover from surgery. The trial resumed on May 3, 2021, and the Wizgans again failed to appear.

The court found Wasserman proved each allegation of his claim by a preponderance of the evidence. It entered judgment in his favor for $73,865.87 in damages plus $27,445.44 in interest.

About three weeks after the court entered judgment, the Wizgans filed an ex parte application for a stay of execution of judgment until July 30, 2021. In support, they submitted a declaration from their attorney, Halil Hasic, in which he represented that conservatorship petitions had been filed for the Wizgans on March 5, 2021. The Wizgans also submitted a declaration from their son, Raanan, who claimed they suffered from cognitive impairments. The court apparently denied the application for a stay, and the Wizgans timely appealed the judgment.

## DISCUSSION

### 1. *We deny Wasserman's motion to dismiss the appeal*

Wasserman moved to dismiss this appeal based on the Wizgans' failure to provide a record of the oral proceedings in the trial court. Rule 8.120 of the California Rules of Court states that, if an "appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings." (Cal. Rules of Court, rule 8.120(b).) Under certain circumstances, a reviewing court may dismiss an appeal if the appellant fails to

3

procure an adequate record.  (See rules 8.140, 8.276; *Beckley v. Board of Administration Etc.* (2013) 222 Cal.App.4th 691, 693, fn. 1.)

The Wizgans' appeal is premised, in part, on their assertion that Wasserman failed to submit sufficient evidence at trial to support his claims.  As Wasserman points out, to evaluate that contention fully, we must consider the testimony at trial.  The Wizgans' failure to provide any record of the oral proceedings below, however, prevents us from doing so.  Nevertheless, because the Wizgans make other arguments that do not require consideration of the oral proceedings, we deny Wasserman's motion and consider the appeal on the merits.

## 2. *The Wizgans' arguments lack merit*

The Wizgans make three primary arguments on appeal, which we consider in turn.

First, the Wizgans contend Wasserman did not submit sufficient evidence to show that the value of Truepriced at the time of the transfer exceeded the value of Wasserman's judgment against Raanan.  The Wizgans' failure to submit a record of the trial testimony is fatal to their claim.  The most fundamental rule of appellate review is that "judgments and orders are presumed correct, and error must be affirmatively shown.  [Citation.] Consequently, appellant[s] [have] the burden of providing an adequate record.  [Citations.]  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant[s].  [Citation.]  Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

Because the Wizgans failed to provide a record of the trial testimony, we must presume it supports the judgment. Accordingly, we must presume Wasserman submitted testimony at trial sufficient to prove that the value of Truepriced at the time of the transfer exceeded the value of Wasserman's judgment against Raanan. The Wizgans, therefore, have not met their burden of showing the judgment lacks the support of substantial evidence.

The Wizgans next argue the trial court should have limited the judgment to the return of the Truepriced shares, rather than entering a money judgment against them. The Wizgans fail, however, to support their argument with any analysis or citations to relevant authority. "[A]n appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.) In short, an appellant must demonstrate prejudicial or reversible error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557 *(Yield Dynamics)*.) The Wizgans have not done so here. That alone provides a sufficient basis to reject their claim.

The Wizgans' argument also fails on the merits. Under the Uniform Voidable Transactions Act (UVTA), a transfer made by a debtor is voidable as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud the creditor. (Civ. Code, § 3439.04.) To the extent a transfer is voidable, the creditor may recover from the first transferee

5

of the asset a "judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less." (*Id.*, § 3439.08, subd. (b); see *Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1235.) Here, the trial court found Raanan transferred the Truepriced stock to the Wizgans in order to defraud his creditor, Wasserman. Because the Wizgans were the first transferees of the asset, Wasserman could obtain a money judgment against them under the UVTA. (See Civ. Code, § 3439.08, subd. (b).)

Lastly, the Wizgans contend the judgment should be set aside on equitable grounds because the court likely would have stayed the trial had it been aware of the conservatorship petitions. The Wizgans' argument fails for several reasons. First, they have not supported it with meaningful analysis or citations to the record, which alone provides a sufficient basis to deny their claim. (See *Yield Dynamics, supra*, 154 Cal.App.4th at pp. 556–557.) Second, although the Wizgans moved to stay the judgment temporarily based on the filing of the conservatorship petitions, there is no indication that they also moved to set aside the judgment. Their failure to raise the issue in the trial court forfeits it on appeal. (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue."].) Finally, even if we were to overlook these issues, there is nothing in the record showing a court granted the conservatorship petitions, nor do the Wizgans claim they were incompetent at the time of trial. Absent such evidence, there is no basis to set aside the judgment on equitable grounds.

6

## DISPOSITION

The judgment is affirmed.  Bruce Wasserman shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

RICHARDSON (ANNE K.), J.*

---

*        Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7