Filed 2/10/22  Mendones v. Bd. of Registered Nursing CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIDOL C. MENDONES,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>BOARD OF REGISTERED NURSING,<br><br>  Defendant and Respondent. | A162692<br><br>(Alameda County<br> Super. Ct. No. HG19044092) |

**MEMORANDUM OPINION**[1]

Appellant Maridol C. Mendones (Mendones) filed a petition for judicial review of the revocation of her registered nurse license (license) by respondent Board of Registered Nursing (the Board).  The superior court denied the petition based on Mendones' failure to file an opening brief in support of her petition.

We affirm.

---

[1]  We resolve this case by abbreviated form of opinion as permitted by California Rules of Court, Standard 8.1, which provides that a memorandum opinion is appropriate when the appeal "raise[s] no substantial issues of law or fact."

1

## BACKGROUND

The Board revoked Mendones' license, effective November 27, 2019, after adopting an administrative law judge's recommended findings that discipline was supported by Mendones' unprofessional conduct, including the making of "false or grossly incorrect" records regarding dangerous drugs, personal misuse of controlled substances, and mismanagement of personal health information.

Ten days before the revocation was to take effect, Mendones filed a petition challenging the revocation of her license. The Board then lodged the administrative record in early March 2020. The superior court set a merits hearing for August 14, 2020, later continued to January 22, 2021.

Before the hearing, the Board filed a "Non-Receipt of Anticipated Pleading" asserting Mendones had not filed an "opening brief" with the requisite citations to the administrative record lodged with the court. The Board further asserted that her petition, standing alone, was insufficient as it only cited to exhibits that were not shown to be part of the administrative record. Therefore, Mendones could not show that the Board's findings and/or decision were not supported by the record. Mendones then filed an opening brief, but in that brief did not cite to any portions of the administrative record.

On January 22, 2021[2], the court found that Mendones' opening brief was untimely and lacked citations to the administrative record. It continued the merits hearing to March 18 and set a briefing schedule,

---

[2]     All further dates occurred in 2021.

2

with Mendones to serve and file a revised opening brief on or before February 11.

When Mendones failed to timely file a revised opening brief, the Board scheduled an ex parte hearing to request an order to show cause directing Mendones to explain why she should not be sanctioned for failing to either timely file a revised opening brief or request a continuance. Following the hearing, on March 4, the court denied the Board's request for an order to show cause without comment.[3] While the record contains no indication that the court ever set a new briefing schedule, on March 17 the court clerk accepted for filing a revised opening brief submitted by Mendones. This revised brief included references to both the administrative record and attached exhibits.

The next day, March 18, the court held the merits hearing and then issued the following written order: "The Petition for Writ of Mandate is DENIED. The petitioner has failed to submit an Opening Brief in support of the Petition."[4] Thereafter, Mendones filed a motion for reconsideration, which was opposed by the Board.

On April 22, the court held a hearing on Mendones' motion for reconsideration. That same day, it issued an order denying the motion without comment and entered a judgment denying Mendones' petition for judicial review of the Board's revocation of her license. Mendones' timely appeal ensued.

---

[3]     Mendones appeared, and was self-represented, at all of the hearings mentioned in this opinion.

[4]     In her opening brief, Mendones asserts that at the March 18 hearing, the superior court refused to consider the March 17 "filed revised opening brief because it [was] supposed to be filed on February 11, 2021."

3

## DISCUSSION

We note, as a preliminary matter, that while Mendones is representing herself on appeal she is not exempt from compliance with the rules governing appeals. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than litigants represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245-1247.)

Our review of this appeal is governed by well settled law. "[T]he trial court's judgment is presumptively correct, such that error must be affirmatively demonstrated, and where the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment. [Citations.] This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556-557.) "Of course this also means that during trial, the parties must ensure that an adequate record is made of errors by which they are or may be aggrieved; ordinarily, errors not reflected in the trial record will not, and indeed cannot, sustain a reversal on appeal." (*Id.* at p. 557.)

Hence, to demonstrate reversible error, an appellant must provide an adequate record and "not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) To this end, " '[e]very brief should contain a legal argument with [available] citation of authorities

4

on the points made. [(see Cal. Rules of Court, rule 8.204(a)(1)(B).)] If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

Based on these principles, we conclude Mendones has waived any claim of error by failing to present any argument in her opening brief challenging the procedural denial of her petition. (See *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["[i]ssues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived"]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [an appellate court is not required to discuss or consider points which are not argued in the opening brief].) Here, the argument section of the opening brief, titled "memorandum of points and authorities," makes no mention of the procedural denial of the petition. Instead, it focuses *solely* on the merits of the underlying petition challenging the Board's decision to revoke Mendones' license. We decline to address the merits of the underlying petition because the superior court never reached the merits, instead relying on a procedural basis to deny the petition.

We also decline to review any claim of error regarding the procedural denial of the petition, first mentioned in the reply brief as Mendones does not present any reason or excuse for why her arguments were not raised in the opening brief. " 'Obvious considerations of fairness in argument demand that the appellant present all [argument] points in the opening brief. To withhold a point until the closing brief would deprive the respondent of [an] opportunity to answer it or require the effort and delay of an additional brief by

5

permission.' " (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)

Nor have we been provided with an adequate record that would permit us to address the reply brief arguments. (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) In seeking reversal of the judgment, Mendones makes no argument regarding the superior court's refusal to consider *the March 17 filed revised opening brief.* Instead, she contends the judgment should be reversed because at the April 22 hearing (on her motion for reconsideration) the court should have accepted her explanation for her earlier failed attempt to file a revised opening brief on March 8. In support of her argument, Mendones asks us to consider what occurred at the superior court hearings held on March 4, March 18, and April 22, which lead to the entry of the judgment denying the petition.

While relying on what occurred at those hearings, Mendones does not provide any of the transcripts or a settled statement. "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court," the appellate record must include a record of those oral proceedings in the form of either a reporter's transcript, an agreed statement, or a settled statement. (Cal. Rules of Court, rule 8.120(b); see *id*., rules 8.130 [reporter's transcript], 8.134 [agreed statement]; 8.137 [settled statement]; see *Rhue v. Superior Court* (2017) 17 Cal.App.5th 892, 895, 897-898 [trial court abused its discretion in denying motion for settled statement of unreported hearing on motion for reconsideration].) In addition, Mendones was alerted to the need for transcripts by the Judicial Council Form that she completed, which states that proceedings

6

without a record of the oral proceedings meant that the appellate court "will not be able to review any issues [she] might want to raise about what was said in the trial court during those proceedings or any claim that there was not evidence to support the judgment" she was appealing. (Judicial Council Forms, form APP-103, revised Jan. 1, 2021; see Cal. Rules of Court, rule 8.121.)

Because Mendones has provided neither reporter's transcripts nor settled statements of the March 4, March 18, and April 22 hearings, we must reject her reply brief arguments that the court should have accepted a late opening brief filed after February 11. Absent evidence as to what occurred at those hearings, we cannot evaluate the arguments in her reply brief regarding the court's rejection of the filing of the March 8 opening revised brief and likewise cannot conclude the superior court abused its discretion. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [failure to provide an adequate record on appeal requires issue to be resolved against the appellant]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [the appellant's argument rejected as she failed to provide an adequate record for review where, "though the proceedings were not reported, . . . the means to perfect the record by agreed or settled statement" were available].)

In sum, we must affirm the judgment under review as Mendones did not present any argument in her opening brief challenging the procedural denial of her petition and then first raised this argument in her reply brief without furnishing an adequate record.

**DISPOSITION**

The April 22, 2021 judgment is affirmed.  Each party is to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.


*Mendones v. Board of Registered Nursing/A162692*

9