Filed 9/14/22  Martin v. Berkeley Unified School Dist. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SONYA E. MARTIN,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT et al.,<br><br>      Defendants and Respondents. | A161660<br><br>(Alameda County<br> Super. Ct. No. RG17849605) |

Plaintiff Sonya E. Martin filed a complaint against defendants Berkeley Unified School District (BUSD), Donald Evans, and Maggie Riddle (jointly, defendants) asserting defendants engaged in racial discrimination, retaliation, and harassment.  The trial court granted defendants' motion for summary judgment.  We affirm the judgment.

**I.**

**BACKGROUND**

*A.     Factual Background*

Martin was employed by BUSD for approximately 14 years.  Martin accepted a position as principal at Jefferson Elementary School for the 2014–2015 academic year.  Defendant Riddle was Martin's supervisor during Martin's time as principal.  At the end of Martin's first year as principal, Riddle praised Martin for her accomplishments and transition to principal,

but identified areas of growth and performance expectations for the following year.  The review noted Martin needed to "establish [herself] more definitively as the school's instructional leader," including by conducting regular meetings to develop the leadership team, visiting classrooms more frequently, and having an active and engaged presence in the schoolyard.

Beginning in October 2015, Riddle offered Martin coaching to support her leadership development.  Riddle noted Martin had not taken advantage of this opportunity and was not keeping the appointments for coaching sessions

In January 2016, Martin went out on approved medical leave.  Martin did not respond to Riddle's request to meet prior to receiving her mid-year evaluation and went out on medical leave the day Martin was scheduled to meet with Assistant Superintendent Pasquale Scuderi.  Martin's mid-year evaluation noted growing dissatisfaction with Martin's performance in the school community.  The evaluation stated parents and teachers were dissatisfied with Martin's ability to lead, noting a lack of communication and disengagement in key meetings and with the school community.  The evaluation also stated school governance councilmembers reported Martin did not actively participate in their meetings and would cancel meetings.  Riddle noted she personally observed Martin asleep during one staff training.  The evaluation noted Martin was not receptive to attempts to provide counsel and guidance, and "significant improvement [was] essential."  In connection with the evaluation, Riddle also prepared a performance improvement plan (PIP) to address the issues raised in Martin's mid-year evaluation.

Martin remained on leave through the end of the school year.  Her end-of-year evaluation referenced the mid-year evaluation and recommended "[t]ermination of assignment."  BUSD reassigned Martin to a special

education teaching position for the following school year.  However, Martin did not report for work the following year and did not respond to any communications from BUSD.  BUSD reported Martin's failure to report to work to the Commission on Teacher Credentialing (CTC).

## B.    *Procedural Background*

Martin filed a complaint alleging discrimination and retaliation as to BUSD and Evans, and harassment as to Riddle.[1]  The complaint asserted Martin's reassignment was in violation of her union agreement, which required the opportunity to move to any available lateral position or interview for another administrator position.  She claimed White employees were given such an opportunity whereas she was not.  She also alleged she was treated differently from non-African-American employees who had taken sick leave such as hers.  The complaint asserted Martin was demoted and reported to the CTC after she filed a complaint with the California Department of Fair Employment and Housing (DFEH).

During the course of the parties' litigation, defendants served requests for admission (RFAs) on Martin.  She failed to respond, and defendants subsequently filed a motion to deem the RFAs admitted.  The court granted defendants' motion, noting Martin "did not offer a sufficient explanation for her failure to serve timely responses" to the requests.  The court further noted Martin did not provide evidence that responses were served prior to the hearing, which would have required the court to deny the motion.

Defendants subsequently filed a motion for summary judgment. Defendants argued Martin could not prove her claims of discrimination,

_____

[1] We note appellant's appendix does not contain a file-stamped copy of the complaint, but only a "proposed" version of a first amended complaint. We are left to speculate as to whether this version mirrors the complaint actually filed.

retaliation, or harassment, citing in part the RFAs that the trial court deemed admitted. Martin opposed the motion.

The court subsequently granted defendants' motion for summary judgment. The court concluded in relevant part that Martin's claim she was subject to discrimination, retaliation, and harassment while employed by BUSD were precluded by the RFAs that were deemed admitted. It explained the materials submitted by Martin in opposition were insufficient to raise a triable issue of material fact "due to the preclusive effect of her admissions of Defendant's requests for admission." The court also noted Martin's request to set aside the RFAs as part of her opposition to the summary judgment motion was inappropriate. It explained Martin was required to file a motion for such relief, demonstrating mistake, inadvertence or excusable neglect. It further noted Martin's request would be unduly prejudicial to defendants because they relied on the RFA responses in their summary judgment papers and fact discovery had closed. Martin timely appealed.

## II.

## DISCUSSION

On appeal, Martin argues the trial court erred by disregarding evidence of a hostile work environment. Martin also contends the trial court's order granting a motion to compel her deposition should have vacated its earlier " 'deemed admitted' order" as to the RFAs, and the court's discovery rules in general were so excessive as to deprive Martin of her due process rights. We disagree.

### A.    *Martin's Failure to Provide an Adequate Record*

On appeal, the judgment or order challenged is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "Failure to provide an

4

adequate record on an issue requires that the issue be resolved against appellant." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)  If the record does not include all of the evidence and materials the trial court relied on in making its determination, we will not find error.  (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955; see also *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellate court cannot review basis of trial court's decision without copies of moving and opposition papers and trial court order; appellant's failure to provide an adequate record on issue requires the issue be resolved against him or her].)

Here, Martin has failed to provide an adequate record because several critical documents are missing from the appellate record.  Specifically, Martin failed to provide her opposition brief to the motion for summary judgment and any evidence filed in support of her opposition.[2]  Obviously, without the benefit of the evidence that was before the trial court we cannot determine the correctness of the court's summary judgment ruling.  Accordingly, Martin has not demonstrated the trial court erred in granting defendants' motion for summary judgment.[3]

## B.    *The Trial Court's Discovery Orders*

Martin next asserts the summary judgment order should be reversed based on certain discovery orders issued by the court.  Specifically, Martin

---

[2] Martin also failed to provide defendants' motion for summary judgment and supporting evidence, as well as defendants' reply papers.  We note Martin's brief references a second appendix that allegedly contains the motion for summary judgment and her opposition papers.  However, no such appendix was filed with this court.  Her "first" appendix—the only one she filed with this court—does not contain these materials.

[3] Accordingly, we need not address whether the trial court properly considered certain evidence Martin claims she submitted in connection with her opposition to the motion for summary judgment.

contends (1) the trial court's order compelling Martin's deposition "necessarily reversed" the prior order granting defendants' motion to have requests for admission deemed admitted, and (2) the trial court's discovery rulings were so unfair as to deprive her of her due process rights to prosecute her case.

We review discovery orders for an abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)

### 1.    *Requests for Admissions*

During the course of litigation, defendants noticed Martin's deposition, along with an accompanying document request. Defendants subsequently moved to compel Martin's deposition, which was granted by the court. Martin asserts the court's order granting defendants' motion to compel her deposition "necessarily vacated" the prior order as to the RFAs. She contends defendants took a "contrary position" by litigating the facts after the court issued its order deeming the RFAs admitted. We disagree.

We are unaware of any authority suggesting obtaining responses to RFAs, whether they be admissions or denials, bars a party from pursuing other forms of discovery, such as depositions. Indeed, parties often serve multiple forms of discovery simultaneously. Moreover, Martin's argument that a deemed admitted order precludes a party from pursuing other discovery ignores the possibility that a party may seek to withdraw or amend his or her admissions. (Code Civ. Proc., § 2033.300, subds. (b), (c) [authorizing courts to allow parties to withdraw or amend admissions under certain circumstances].) While it does not appear Martin ever filed such a motion to have her admissions withdrawn, defendants were entitled to pursue other avenues of discovery in the event Martin had sought such relief.

6

Martin relies exclusively on *In re Sean E.* (1992) 3 Cal.App.4th 1594 to support her position. That case is markedly different from the present dispute. There, the mother requested the court stay a Welfare and Institutions Code section 366.26 permanency hearing (section 366.26 hearing) and modify its order concerning placement of her children based on changed circumstances. (*Sean E.*, at p. 1598.) The court granted the mother's motion, finding she had shown the potential to be a good parent and there was a substantial probability she would be able to care for the minors within six months. (*Ibid.*) However, the court subsequently conducted the section 366.26 hearing and terminated parental rights. (*Sean E.*, at p. 1599.) The appellate court reversed, explaining the order granting the mother's motion necessarily vacated the section 366.26 hearing. (*Sean E.*, at p. 1599.) And, without such a hearing properly scheduled, it lacked authority to terminate parental rights. (*Ibid.*) Martin does not identify any basis for finding *Sean E.* analogous to the present dispute, which involved an order compelling Martin's deposition after entering a deemed admitted order as to RFAs.

### 2. *Due Process*

Martin asserts broadly that the court's discovery rulings and sanctions were so excessive as to deprive her of due process. However, her only specific complaint involves the court's denial of her motion to compel the deposition of defendant Evans.

As relevant to that matter, Martin filed a motion to compel the deposition of Evans. She asserted Evans had been properly served and yet failed to appear on the agreed-upon deposition date. The court denied Martin's motion, noting defendants had objected to the original deposition notice, and Martin had not properly served any revised or amended

7

deposition notice as to the new deposition date. The court also noted Martin failed to submit a meet and confer declaration that complied with the statutory requirements.

While Martin disputes the court's ruling, she has not demonstrated the court abused its discretion in denying her motion. " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *In re A.C.* (2017) 13 Cal.App.5th 661, 672 ["If an argument in an appellate brief is supported by only an opinion or argument . . . without 'citation to any recognized legal authority,' that argument may be deemed waived for failure to present supporting substantive legal analysis."].) Here, Martin has not provided any meaningful argument or citations to authority as to why defendants' deposition objections were not valid, why she was not required to serve defendants with a new deposition notice, or how she complied with the meet and confer requirements. Nor does Martin provide any argument or citations to authority regarding how the trial court's ruling on her motion to compel Evans's deposition deprived her of due process in connection with the summary judgment motion. Accordingly, Martin has not demonstrated the trial court abused its discretion in denying her motion to compel or otherwise deprived her of any due process rights.

## III.
## DISPOSITION

The judgment is affirmed. Defendants may recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A161660
*Martin v. Berkeley Unified School District*