Filed 7/25/24  Cintron v. Lizarraga CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RICARDO CINTRON, | D082524 |
| Respondent, | |
| v. | (Super. Ct. No. 23FDV01703S) |
| LAYDA LIZARRAGA, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Tim Nader, Judge.  Affirmed.

Layda Lizarraga, in pro. per., for Appellant.

No appearance for Respondent.

MEMORANDUM OPINION[1]

Layda Lizarraga appeals from the trial court's order granting a one-year domestic violence restraining order (DVRO) against her for the

---

[1]     This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

protection of Ricardo Cintron and his parents. Because Lizarraga has failed to meet her appellate burden of affirmatively demonstrating reversible error, we affirm the court's order.

BACKGROUND

On April 18, 2023, Cintron filed a request for a DVRO against Lizarraga. They share a son who was then 17 years old. Cintron asked to include their son and his parents as additional protected parties. He further requested an order that he be awarded sole legal and sole physical custody of their son, with no visitation for Lizarraga.

In his supporting declaration, Cintron averred his son called to tell him Lizarraga "was being abusive" and he was afraid of her. Cintron then "filed for custody," which made problems he had with Lizarraga "worse." After Cintron's wife, Denise Cintron, tried to serve Lizarraga with the "paperwork" for their custody hearing, Lizarraga called Cintron and told him he was a " 'bitch' " and his wife was a " 'fat bitch.' " Lizarraga then "escalated things." Cintron asked her to leave him alone. When she did not, he blocked her telephone number. Lizarraga then began calling his wife and family instead. Lizarraga "threatened" his parents by "following them to work and home," and was calling them from "unknown numbers with threats to call the border patrol." On April 9, 2023, Lizarraga called Denise and was "very unhappy" Cintron had requested custody. Lizarraga told Denise they were going to " 'regret' " doing that. She "threatened" Denise and called her a " 'bitch.' " She told Cintron his "wife is no good for [him]." Then a week later, on April 15, the passenger and front side windows of Cintron's car "were smashed." Cintron "believe[d Lizarraga] was responsible for this."

The same day Cintron filed his request, the trial court issued a temporary restraining order (TRO) against Lizarraga. The court included

2

Cintron's parents but not the son as protected parties, and declined to issue any child custody and visitation orders pending an evidentiary hearing.

On May 24, 2023, Lizarraga, with legal representation, filed a response. In her declaration, Lizarraga denied Cintron's allegations of abuse. She averred Denise's request for a permanent civil restraining order, based on "the same [alleged] facts," had been denied on May 8. The parties' son had been living "solely" with her and had only recently "reconnect[ed]" with Cintron. Denise "encouraged" Cintron to file a motion to modify the parties' custody of their son, but Lizarraga was "not upset or angry" about it. It was only after the Family Court Services mediator recommended that Lizarraga maintain primary custody of their son that Cintron filed his DVRO request. Lizarraga denied making any threats, damaging Cintron's property, calling from blocked numbers, or sending negative texts.

Lizarraga lodged several exhibits[2] with her response, including "documentation from [her] telephone's call-log" to show the only texts from April 9, 2023 were from Cintron to her; a report card showing their son was failing school and a school letter expelling their son since he was living with

---

[2] We do not have copies of these exhibits in the record on appeal. Lizarraga requested the clerk to include only the "Notice of Lodgment," but not the actual exhibits. Although it may be inadvertent, Lizarraga did not check the box indicating she was requesting the clerk to include her exhibits. California Rules of Court, rule 8.122(b), provides the clerk's transcript "must" include "[a]ny . . . document filed . . . in the case in superior court" pertaining to the issues on appeal (rule 8.122(b)(3)(A)); and "[a]ny exhibit admitted in evidence, refused, or lodged" (*id.*, (b)(3)(B)). However, because we do not reweigh the evidence, the omission of the exhibits does not change the analysis. (See *Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015 [A reviewing court does "not reweigh evidence or reassess the credibility of witnesses," as it is "not a second trier of fact." (Cleaned up.)].)

Cintron; and an audio recording of Cintron's threatening voicemail of March 23, 2023. Last, Lizarraga averred Cintron was "subject to a restraining order several years ago when he threatened [her] and [their son] with a knife."

The trial court held an evidentiary hearing on May 30, 2023. Cintron appeared as a self-represented litigant, while Lizarraga appeared with her attorney. A court reporter was not requested and the hearing was not reported. The court's minutes state, "The [c]ourt finds the Petitioner [Cintron] has met the burden of proof by preponderance of the evidence, demonstrating recent acts of domestic violence to support the request for a restraining order. [¶] The [c]ourt **grants** the Petitioner's request for a restraining order for a period of (1) year; restraining order will expire 5/30/24." Consistent with the court's minutes, a DVRO was issued against Lizarraga for one year and it included Cintron and his parents as additional protected parties. The court also issued a child custody and visitation order, awarding the parties joint legal custody and Lizarraga with primary physical custody and visitation to Cintron.

DISCUSSION

Lizarraga appeals the trial court's order granting the DVRO, asserting various errors: (1) the court "made a mistake" in taking her exhibits to be Cintron's evidence; (2) her attorney, who appeared "remotely" was not permitted to clarify the court's mistake; (3) she "was not allowed to speak at all during the entire hearing"; (4) Cintron did not file any evidence to support his allegations; and (5) the court "refused to hear valid evidence that supports [her] innocence of false allegations." She asserts, "In conclusion, all these allegations were exaggerated and false." She specifically contends substantial evidence does not support the trial court's finding that she threatened Cintron or broke his car windows.

4

The difficulty with Lizarraga's arguments on appeal is that she has not provided us with an adequate record to evaluate her claims of error. As noted, there is no reporter transcript of the evidentiary hearing. She has not provided us with a settled statement of the hearing. Neither the trial court's minutes nor the order after hearing contain any factual determinations or legal analysis explaining the court's decision to grant Cintron's request for a DVRO. As the party challenging that order, Lizarraga has the burden to provide an adequate record for meaningful review and affirmatively demonstrate error. She has not done this.

It is a well-established foundational premise that on appeal, "a judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [cleaned up].) "Consequently, appellant has the burden of providing an adequate record. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 [cleaned up].)

Because we are unable to fairly evaluate Lizarraga's contentions in light of the inadequate record, we must affirm. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [rejecting defendant's claim based on failure to provide an adequate record].)

## DISPOSITION

The May 30, 2023 order granting the domestic violence restraining order is affirmed.

DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.