Filed 1/14/26  Ketterer v. Teshome CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIAM KETTERER, | |
| Plaintiff and Appellant, | E084203 |
| v. | (Super. Ct. No. CVRI2104228) |
| ELIAS TESHOME, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.  Affirmed.

William Ketterer, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

1

INTRODUCTION

Plaintiff and appellant, William Ketterer, proceeding in pro. per., appeals the trial court's order dismissing his case without prejudice.  Because Ketterer has not provided us with an appropriate record on appeal, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Ketterer sued defendant and respondent, Elias Teshome for breach of contract in September 2021.  Ketterer was originally represented, but his attorney was later relieved from the case.  Teshome was represented by attorney Robert Chandler.

The case was set for trial in September 2023.  On the morning trial was scheduled to begin, the parties reported they had settled the case.  The trial court therefore set the case for a hearing in January 2024, on the parties' settlement.

In late December 2023, Chandler filed a declaration regarding the hearing. Chandler's declaration is not in the record on appeal.  But, according to a settled statement that Ketterer proposed and the trial court certified, Chandler stated in his declaration that he could not get a hold of Ketterer about the settlement agreement.[1]

---

[1] Ketterer uses a settled statement to explain, in his view, what happened after the parties reached a settlement.  A settled statement, however, is permissible only to explain what happened at in-court proceedings when there is no reporter's transcript.  (See Cal. Rules of Court, rule 8.137; *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 933.)  It cannot be used as a substitute for court filings, nor can it properly document out-of-court proceedings.  We therefore cannot credit Ketterer's settled statement accurately describing court filings (such as Chandler's declaration) and off-the-record interactions

*[footnote continued on next page]*

Chandler therefore asked the trial court to issue an order to show cause directing Ketterer to show cause why $1,500 in sanctions should not be imposed for his failure to execute the settlement agreement.

About a week later, the trial court sua sponte set a hearing on the settlement. The court ordered both parties to appear in person in March 2024 and show cause why sanctions or dismissal should not be imposed for their failure to execute a settlement agreement (OSC hearing). The court then continued the OSC hearing to May 2024.

In April 2024, Chandler filed a declaration regarding the upcoming hearing. That declaration is also not in the record on appeal, and Ketterer does not discuss it in his settled statement. Two days later, the trial court vacated the May 2024 OSC hearing and dismissed the case without prejudice. The court's order states the case was "[d]ismiss[ed] after settlement pursuant to [California Rules of Court, rule] 3.1385(b)."

Ketterer timely appealed.

---

between the parties (such as those about the settlement agreement). We cite and discuss the settled statement only insofar as to explain what Ketterer alleges occurred and why the record on appeal is inadequate for us to properly review his claims.

DISCUSSION

The thrust of Ketterer's position on appeal is that Chandler misled the court into erroneously dismissing Ketterer's case. Ketterer states in his opening brief that the parties reached an agreeable oral settlement with a mediator, who tasked Chandler with putting the agreement in writing, but Chandler's draft settlement agreement had a number of "important clerical errors" and did not discuss several "important topics." Ketterer claims that he tried multiple times to discuss these problems with Chandler, but Chandler claimed he was no longer Teshome's counsel and did not know Teshome's contact information. Ketterer further claims that, despite this, Chandler's declarations told the court that the parties could not finalize and execute a settlement agreement because he could not get a hold of Ketterer.

Ketterer says he did not file anything in response to Chandler's declarations because a trial court clerk told him he did not have to do so and that he could discuss the matter with the trial court at the May 2024 OSC hearing. The court, however, dismissed the case without prejudice shortly after receiving Chandler's second declaration without any input from Ketterer.

We cannot properly evaluate Ketterer's claims because the record is inadequate.

The appellant bears the burden of providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decisions.

(*Ibid*.)  As a result, an appellant's "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  In other words, when the appellant fails to provide an adequate record, we assume everything the trial court did was correct and that it should be affirmed.  (See *Jameson*, *supra*, at p. 609.)

The trial court dismissed the case "after settlement pursuant to [California Rules of Court, rule] 3.1385(b)" just two days after receiving Chandler's second declaration.  That rule provides that the plaintiff (Ketterer) must file a request for dismissal of the case within 45 days after a settlement is reached.  (Cal. Rules of Court, rule 3.1385(b).)  If the plaintiff does not do so, the rule provides that the trial court "*must* dismiss the entire case 45 days after it receives notice of settlement unless good cause is shown why the case should not be dismissed." (*Ibid*.)

From what we can glean from the inadequate record, it appears the trial court complied with this rule.[2]  The parties notified the court on September 13, 2023, that they had settled the case, so Ketterer had 45 days from then to file a request for dismissal or show good cause why the case should not be dismissed.  Yet Ketterer did not file anything before the trial court dismissed the case about six months later, in April 2024, long after the trial court was supposed to do so unless there was good cause not to dismiss the case.

---

[2]  The record contains only three trial court documents: (1) the settled statement, (2) a copy of the register of actions, and (3) the trial court's dismissal order.

But we cannot properly evaluate whether the trial court erred in dismissing the case because the record is inadequate.  In particular, Chandlers' two declarations are not in the record, so we do not know what he told the court or whether it was accurate.  For all we know, Chandler may have represented to the court in his second declaration with sufficient supporting evidence that the parties had reached a settlement and wanted the trial court to dismiss the case.  Chandler may have represented that he had unsuccessfully tried to contact Ketterer to finalize the settlement agreement.  Chandler may have made other representations that the trial court found did not show good cause to not dismiss the case.  But because we have neither of his declarations, we have no way of knowing what he told the court, so we cannot determine whether the trial court complied with California Rules of Court, rule 3.1385(b).[3]

As a result, we must find the trial court did not err.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)  We therefore affirm the trial court's order dismissing Ketterer's case without prejudice.

---

[3] At oral argument, Ketterer brought several documents, including what he represented to be one of Chandler's declarations, and argued that the documents undermine Chandler's representations to the trial court, the trial court's dismissal, and our tentative opinion.  Ketterer thus strenuously urged us to reconsider our opinion.  But, again, these documents are not in our record on appeal, so we cannot consider them.  (See (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["[I]f it is not in the record, it did not happen".]

## IV.

## DISPOSITION

The trial court's order dismissing the case without prejudice is affirmed.  Teshome may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.